LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California 92101-3909
Telephone:  (619) 236-8300
Facsimile:  (619) 236-8400
KDH@KurtDavidHermansen.com
Attorney for Petitioner
ERNESTO RIVAS LOPEZ

FILED

2008 MAR 12 AM 10: 40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RIVAS LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>MACK JENKINS, Chief Probation Officer, San Diego County Probation Department,<br><br>Respondent,<br><br>and<br><br>EDMUND G. BROWN JR., Attorney General of the State of California,<br><br>Additional Respondent. | Case No. '08 CV 0457 LAB AJB<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 |

Petitioner ERNESTO RIVAS LOPEZ, by and through his attorney Kurt David Hermansen, hereby respectfully petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is based on the facts herein, the attached memorandum of points and authorities, the attached exhibits, and any other evidence which may be produced.



## I.  JUDGMENT OF CONVICTION UNDER ATTACK

Mr. Lopez is unlawfully restrained by a judgment of conviction of the California Superior Court for San Diego County. The judgment of conviction was entered on June 23, 2005. The San Diego Superior Court case number is SCD187886.

Mr Lopez was sentenced to a five-year term of formal probation with 365 days in custody. He is no longer in custody; probation is set to expire on June 20, 2010.

Mr. Lopez pled not guilty and was convicted on six counts after a jury trial: (1) Cal. Health & Safety Code § 11351, possession for sale of cocaine; (2) Cal. Health & Safety Code § 11378, possession for sale of methamphetamine; (3) Cal. Health & Safety Code § 11359, possession of marijuana; (4) Cal. Health & Safety Code § 11377(b)(2), possession of ketamine; (5) Cal. Health & Safety Code § 11364, possession of paraphernalia used for narcotics; (6) Cal. Bus. & Prof. Code § 4140, unauthorized possession of a hypodermic needle or syringe.

Mr. Lopez did not testify at his trial.

## II.  DIRECT APPEAL

Mr. Lopez appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One. He appealed on the grounds that (1) the trial court erred in instructing the jury on the possession for sale counts, and (2) the order granting probation improperly reflected terms and conditions not imposed by the court. On June 2, 2006, in an unpublished opinion signed by Justices Nares, O'Rourke, and Irion, the court remanded the matter to determine the terms of probation but affirmed the convictions. The state appellate court case number is D046705. The state appellate court's opinion is attached as Exhibit D.

Mr. Lopez then filed a petition for review in the California Supreme Court. On August 16, 2006, the court summarily denied the petition. The California Supreme Court case number is S144907.

Mr. Lopez did not file a petition for certiorari in the United States Supreme Court.

III. **COLLATERAL REVIEW IN STATE COURT**

    A.    **California Superior Court**

On September 7, 2006, Mr. Lopez filed a petition for writ of habeas corpus in the Superior Court for San Diego County, case number HC186635. The petition alleged two grounds for relief: (1) that Mr. Lopez was deprived of his right under the Sixth Amendment to the United States Constitution to the effective assistance of counsel when his trial counsel failed to investigate the charges against him; and (2) that Mr. Lopez was deprived of his right under the Sixth Amendment to the United States Constitution to the effective assistance of counsel when his trial counsel failed to properly advise him. The Superior Court did not order an evidentiary hearing and denied the petition on January 24, 2007, in an order signed by the Honorable Gale E. Kaneshiro. The Superior Court's order is attached as Exhibit N.

    B.    **California Court of Appeal**

On February 27, 2007, Mr. Lopez filed a petition for writ of habeas corpus in the California Court of Appeal, case number D050345. The petition alleged the same two grounds alleged in the petition to the Superior Court. The state appellate court did not order an evidentiary hearing and denied the petition on March 13, 2007, in an unpublished order signed by the Honorable Patricia D. Benke. The state appellate court's order is attached as Exhibit O.

    C.    **California Supreme Court**

On June 25, 2007, Mr. Lopez filed a petition for writ of habeas corpus in the California Supreme Court, case number S154133. The petition alleged the same two grounds alleged in the petitions to the Superior Court and Court of Appeal. The California Supreme Court did not order an evidentiary hearing and summarily denied the petition on February 13, 2008. The Supreme Court's order is attached as Exhibit P.

IV. **COLLATERAL REVIEW IN FEDERAL COURT**

This is Mr. Lopez's first federal petition for habeas corpus challenging his conviction.

V. **STATEMENT OF FACTS SUPPORTING BOTH GROUNDS FOR RELIEF**

On December 29, 2004, Mr. Lopez was arrested and charged with several criminal violations, including "possession-for-sale" counts based on drugs found in his apartment in San Diego, California. Mr. Lopez's appointed trial counsel was aware that Mr. Lopez was not a U.S. citizen and that he was residing in the United States on a grant of asylum. Trial counsel was also aware that possession-for-sale counts were "aggravated felonies" under federal immigration law, and that conviction of a possession-for-sale offense would mean the mandatory loss of Mr. Lopez's asylum status and deportation. [Exhibits A, E, F, G.]

However, trial counsel was *not* aware that there were potential dispositions which would *not* have resulted in the mandatory loss of asylum for Mr. Lopez. Trial counsel was not aware that while possession-for-sale of a controlled substance is an aggravated felony under federal immigration law, offering-to-sell, transportation, and offering-to-transport are not aggravated felonies. Trial counsel was not aware that it was possible to "plead up" to a charge that carried a larger penalty, but which was not an aggravated felony and therefore did not mean the mandatory loss of asylum. Trial counsel was not aware of *People v. Bautista*, 8 Cal. Rptr. 3d 862 (Cal. Ct. App. 2004), decided over a year earlier, in which the California Court of Appeal held that defense attorneys have a duty to adequately investigate federal immigration law and to advise non-citizen clients on different ways of avoiding an aggravated felony conviction. Trial counsel was not aware that in *Bautista* — a published case with a factual scenario very close to Mr. Lopez's situation — the California Court of Appeal had reversed a defendant's conviction because his attorney had committed ineffective assistance of counsel by not advising him of ways to defend against adverse immigration consequences, such as "pleading up" to violation of a greater but non-aggravated offense such as sale, transport, or offer to sell or transport. [Exhibits F, G.]

Because trial counsel was not aware of possible pleas that might allow Mr. Lopez to retain his asylum status, he never advised Mr. Lopez about the possibility of such a plea. Trial counsel did not attempt to negotiate such a plea. If trial counsel had been aware that pleading to non-aggravated felonies might have allowed Mr. Lopez to retain his asylum status, he would

1  have pursued such a plea. And because he had experience and familiarity with the District
2  Attorney's Office and negotiating pleas, he would have been able to negotiate such a plea. A
3  factual basis existed for such a plea. There was a reasonable probability that trial counsel could
4  have negotiated a plea agreement which did not include aggravated felonies, thus avoiding the
5  mandatory loss of Mr. Lopez's asylum. If Mr. Lopez had known that a plea bargain was
6  available which would allow him to retain his immigration status, he would have instructed trial
7  counsel to pursue that option. Mr. Lopez would have agreed to a plea bargain which mitigated
8  the consequences to his immigration status, even if it would have entailed serving prison time.
9  [Exhibits E, F, G.]

10  Moreover, despite the decision to go to trial, trial counsel did *not* investigate the charges
11  against Mr. Lopez, and did not pursue a trial strategy designed to focus on the possession-for-
12  sale counts. He mistakenly thought that Mr. Lopez could be deported for *any* of the charges
13  against him. He met with Mr. Lopez only one time prior to trial. If trial counsel had conducted
14  an investigation, he would have readily discovered that Mr. Lopez had a meritorious defense to
15  the possession-for-sale counts. He would have readily discovered that Mr. Lopez never sold
16  drugs; that he did not possess drugs for sale; that the drugs found in Mr. Lopez's apartment were
17  there because he and his friends were drug addicts, and that Mr. Lopez's friends stored their
18  belongings, including drugs, in Mr. Lopez's apartment because it was convenient for them to
19  do so; that the apartment was a place where they would all hang out and use drugs; and that the
20  large amounts of drugs found in the apartment were there because he and his friends were about
21  to go to Los Angeles for a New Year's Eve party. [Exhibits E, H, I, J, K.]

22  Because trial counsel failed to investigate the charges against Mr. Lopez, he was unable
23  to put on a defense to the possession-for-sale counts. Instead, trial counsel failed to put on any
24  defense evidence whatsoever to counter those counts, and Mr. Lopez was convicted on them.
25  If trial counsel had investigated the charges against Mr. Lopez, it is reasonably probable that
26  Mr. Lopez would not have been convicted of the aggravated felony charges. [Exhibits E, F, G.]
27
28

## VI. GROUNDS FOR RELIEF

### A. Ground One: Ineffective Assistance of Counsel (Failure to Advise)

Mr. Lopez was deprived of his right under the Sixth Amendment to the United States Constitution to the effective assistance of counsel at trial, and was thereby prejudiced. Trial counsel provided ineffective assistance by failing to advise Mr. Lopez about potential plea bargains that did not include felonies considered aggravated felonies under federal immigration law — plea bargains that would have avoided the mandatory loss of Mr. Lopez's asylum. Any reasonable attorney would have investigated such plea bargains, would have advised Mr. Lopez of them, and would have pursued them.

It is reasonably probable that a result more favorable to Mr. Lopez would have occurred if trial counsel's assistance had not been ineffective. A factual basis existed for a plea that did not include aggravated felonies. Trial counsel had significant experience negotiating cases and had knowledge of the policies and procedures of the District Attorney's Office, and therefore could have negotiated a plea that did not include aggravated felonies. Mr. Lopez would have gladly accepted such a plea, even if it meant serving more time in custody. If counsel's assistance had not been ineffective, it was reasonably probable that Mr. Lopez would have entered into a plea bargain which did not include possession-for-sale counts, thus making him eligible for relief from deportation given his asylum status.

Ground One was raised and thus exhausted in a petition for habeas corpus to the California Supreme Court, case number S154133.

### B. Ground Two: Ineffective Assistance of Counsel (Failure to Investigate)

Mr. Lopez was deprived of his right under the Sixth Amendment to the United States Constitution to the effective assistance of counsel at trial, and was thereby prejudiced. Trial counsel was ineffective by completely failing to investigate the charges against Mr. Lopez — in particular the possession-for-sale charges, even though possession-for-sale constitutes an aggravated felony under federal immigration law, and a conviction on those counts meant the mandatory loss of Mr. Lopez's asylum status and his very possible deportation from the United

States. Any reasonable attorney would have complied with his duty to investigate — especially regarding aggravated felonies that threatened his client's immigration status.

It is reasonably probable that a result more favorable to Mr. Lopez would have occurred if trial counsel had followed his duty to investigate. Even a cursory investigation would have uncovered copious admissible evidence that Mr. Lopez was guilty only of possession, not possession-for-sale. This evidence would have provided: (1) a factual basis for a plea bargain which did not include possession-for-sale counts, and would have thus made Mr. Lopez eligible for relief from deportation; and/or (2) a strong defense to the possession-for-sale counts at trial, allowing Mr. Lopez to be acquitted of those charges, again making him eligible for relief from deportation given his asylum status.

Ground Two was raised and thus exhausted in a petition for habeas corpus to the California Supreme Court, case number S154133.

## VII. RELIEF REQUESTED

Mr. Lopez requests that this Court conduct an evidentiary hearing and enter an order directing the Superior Court to vacate his convictions on counts 1, 2, and 3.

## VIII. NO PENDING PETITIONS

Mr. Lopez has no petitions pending in any court pertaining to the judgment under attack.

## IX. PRIOR REPRESENTATION

At trial, Mr. Lopez was represented by Neil A. Besse, Office of the San Diego Public Defender, 233 A Street, San Diego, California, 92101.

On direct appeal, Mr. Lopez was represented by Gregory L. Cannon, Cannon & Harris, 6046 Cornerstone Court West, Suite 141, San Diego, CA 92121.

In his post-conviction proceedings in state court, Mr. Lopez was represented by the undersigned.

## X. NO FUTURE SENTENCE

Mr. Lopez does not have any future sentence to serve after he completes the sentence imposed by the judgment under attack.

## XI. NO CONSENT TO MAGISTRATE JUDGE JURISDICTION

Mr. Lopez requests that a district judge be designated to decide dispositive matters and trial in this case.

## XII. CONCLUSION

Mr. Lopez prays that this Court grant the writ, or in the alternative, order an evidentiary hearing to resolve contested factual issues.

Dated: 3.11.08

Respectfully submitted,

By _____
KURT DAVID HERMANSEN
Attorney for Petitioner Ernesto Rivas Lopez