1  LAW OFFICE OF KURT DAVID HERMANSEN
   KURT DAVID HERMANSEN, Cal. Bar No. 166349
2  110 West C Street, Suite 1810
   San Diego, California 92101-3909
3  Telephone:  (619) 236-8300
   Facsimile:  (619) 236-8400
4  Cellular:   (619) 436-8117
   KDH@KurtDavidHermansen.com
5  Attorney for Defendant
   ERNESTO RIVAS LOPEZ

SAN DIEGO SUPERIOR COURT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | Superior Court No. SCD187886 |
| v. | ) ) | |
| ERNESTO RIVAS LOPEZ, | ) ) ) | DECLARATION OF **NEIL ADDISON BESSE** |
| Defendant. | ) | |

I, Neil Addison Besse, declare as follows:

1. I am an attorney at law, and in my capacity as a San Diego County Public Defender, I represented Ernesto Rivas Lopez (Mr. Lopez) at his trial in San Diego County Superior Court Case No. SCD187886.

2. In that case, Mr. Lopez was convicted after a jury trial of:

   a. (Count 1) possession for sale of a controlled substance (cocaine), Health & Saf. Code, § 11351;

   b. (Count 2) possession for sale of a controlled substance (methamphetamine), Health & Saf. Code, § 11378;

   c. (Count 3) Possession of marijuana for sale, Health & Saf. Code, § 11359;

   d. (Count 5) possession of Ketamine, Health & Saf. Code, § 11377(b)(2);

Case 3:08-cv-00457-LAB-AJB    Document 2-7    Filed 03/12/2008    Page 2 of 4

    e.    (Count 6) possession of paraphernalia used for narcotics, Health & Saf. Code, § 11364; and

    f.    (Count 7) Unauthorized possession of hypodermic needle or syringe, Bus. Prof. Code, § 4140.

3. I advised Mr. Lopez he might be deported as a result of a conviction in that case.

4. I knew there were possible, harsh immigration consequences stemming from the charges pending against Mr. Lopez, including loss of his asylum.

5. I did advise Mr. Lopez, however, that deportation and exclusion from readmission was *mandatory* (8 U.S.C. § 1227(a)(2)(A)(iii)) for possession-for-sale offenses, which are "aggravated felony" offenses under federal law (8 U.S.C. § 1101(a)(43)(B)).

6. Having reviewed the opinion in *People v. Bautista* (2004) 115 Cal.App.4th 229, 237, 8 Cal.Rptr.3d 862, I realize that I committed the same error identified there which resulted in vacating the defendant's conviction.

7. Based on my review of *People v. Bautista, supra*, I believe that Mr. Lopez's conviction should be vacated because (like the attorney who represented Mr. Bautista) I never even imagined it would be in Mr. Lopez's best interest to "plead up" to offering to sell to avoid possession-for-sale convictions.

8. I did not consider offering to have Mr. Lopez "plead *up*" (e.g., on Count 1 to § 11360, rather than § 11359) because I did not know that a conviction under § 11360 would have been more beneficial to Mr. Lopez in avoiding immigration consequences.

9. Further, I did not attempt to negotiate a plea bargain to a non-aggravated felony such as offering to sell marijuana (Health & Saf. Code, § 11360) because I did not know that would be beneficial to Mr. Lopez in immigration court.

10. I did not know that *offering* to sell a controlled substance is not an aggravated felony drug trafficking offense, while sale is. *See United States v. Rivera-Sanchez* (9th Cir. 2001, en banc) 247 F.3d 905.

11. Had I known that when I was representing Mr. Lopez, I believe I could have negotiated a plea agreement that would have satisfied the government while giving Mr. Lopez a fighting chance in immigration court.

12. More important, just like the defense attorney in *Bautista*, I did not attempt to "'plead upward,' that is, pursue a negotiated plea for violation of a greater but non-aggravated offense such as sale, transport, or offer to sell or transport (Health & Saf. Code, § 11360)."

13. Like with the defense attorney in *Bautista* "[t]he possibility . . . never entered my mind in this case."

14. Accordingly, like the attorney in *Bautista*, I never advised my client (Mr. Lopez) that an "upward plea" (e.g., to offering to sell) would not result in the automatic loss of his asylum.

15. Having reviewed *Bautista*, I now realize that Mr. Lopez could have pleaded up to offering to sell to avoid trial and still give Mr. Lopez a fighting chance of retaining his asylum.

16. California Health and Safety Code §§ 11360(a), 11352(a) and 11379(a) can be divided into several parts.

17. I could have offered to have Mr. Lopez plead to these statutes (instead of possession-for-sale statutes) and thereby avoided possession-for-sale aggravated felonies and the automatic bar to asylum they carry.

18. Moreover, it did not cross my mind that Mr. Lopez could plead to being an accessory after the fact, which also would have given him a chance of avoiding the certain loss of asylum.

19. I now realize that accessory after the fact (i.e., Cal. Penal Code § 32) is not considered to be an offense "relating to" a controlled substance, so that the conviction does not make the non-citizen deportable or inadmissible for a drug conviction. *Castaneda de Esper v. INS* (6th Cir. 1977) 557 F.2d 79, 83-84; *see* Katherine A. Brady, CALIFORNIA CRIMINAL LAW AND IMMIGRATION, § 3.4A.1 & n.24 (ILRC 2004).

20. I did not try to negotiate such a deal because I was not aware that such a plea would have helped Mr. Lopez in immigration removal proceedings.

21. Because I thought that Mr. Lopez could be deported for any of the charges against him, I went for an all-or-nothing approach at trial.

22. Given my superior knowledge today, after having read *Bautista*, I believe that I should have investigated possible defenses and considered alternate pleas that could have resulted in Mr. Lopez avoiding possession-for-sale convictions on Counts 1, 2 and 3 and certain deportation.

23. Because of my limited knowledge of immigration law, I did not consider the trial strategy of focusing a defensive attack on the aggravated felony (possession-for-sale) counts.

24. If I had known that an immigration judge in removal proceedings would have no choice but to revoke Mr. Lopez's asylum and deport him based on a conviction on any one of the possession-for-sale counts (i.e., Counts 1, 2 or 3) — but not based on the aforementioned "upward plea" discussed in *Bautista* — I would have negotiated the case differently and I may have conducted the trial differently.

25. I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California, on this 6th day of September, 2006.

_____
Neil A. Besse, Deputy Public Defender
Declarant