1  LAW OFFICE OF KURT DAVID HERMANSEN
   KURT DAVID HERMANSEN, Cal. Bar No. 166349
2  110 West C Street, Suite 1810
   San Diego, California 92101-3909
3  Telephone:  (619) 236-8300
   Facsimile:  (619) 236-8400
4  Cellular:   (619) 436-8117
   KDH@KurtDavidHermansen.com
5  Attorney for Defendant
   ERNESTO RIVAS LOPEZ

SAN DIEGO SUPERIOR COURT

| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No. **HC18635** |
|---|---|
| Plaintiff, | Superior Court No. SCD187886 |
| v. | DECLARATION OF **NEIL ADDISON BESSE** IN SUPPORT OF TRAVERSE |
| ERNESTO RIVAS LOPEZ, | |
| Defendant. | |

I, Neil Addison Besse, declare as follows:

1. I am an attorney at law, and in my capacity as a San Diego County Public Defender, I represented Ernesto Rivas Lopez (Mr. Lopez) at his trial in San Diego County Superior Court Case No. SCD187886.

2. I have reviewed the December 1, 2006 declarations of Deputy District Attorneys Kathleen Lewis and Greg Walden filed in this habeas case.

3. I am aware that the District Attorney's Office considers immigration consequences to be irrelevant in formulating disposition offers.

4. I am aware of Mr. Walden's policy to not authorize "special pleas" designed to mitigate the immigration consequences for defendants. However, in my experience, the District Attorney's office equates "lesser sentences" with "special pleas". I don't believe the D.A.

would consider a charge carrying *greater* prison exposure to be a "special plea," provided the factual basis of that plea admitted, in essence, the facts of the case.

5. I was certainly aware of those policies when I represented Mr. Lopez.

6. I have negotiated hundreds of cases, many with Ms. Lewis and Mr. Walden.

7. Given my knowledge of the District Attorney's Office (and Mr. Walden's) policies, I did not expect our counter offer of simple possession (§§ 11350, 11377) to be accepted during pretrial negotiations. I did in fact make such an offer and, as I expected, it was rejected. This rejection was in line with the D.A. policy to not provide *lesser* offers or substantially different change of plea factual bases for reasons relating to immigration status.

8. Despite what the aforementioned declarations say, I believe that after my straight possession offer was rejected, I could have presented an alternate counter offer that would have been accepted.

9. I believe Ms. Lewis and I could have negotiated a plea agreement in which Mr. Lopez would plead guilty to a *greater* potential sentence than the government's offer of §§ 11351 and 11378.

10. In my experience negotiating cases with Ms. Lewis and Mr. Walden, I believe a counter offer of two counts of Health & Safety Code §§ 11352, 11360, or 11379, with a grant of probation, would have been accepted. This is because such an offer would provide the D.A. with substantially the same factual basis and an *increased* potential sentence in the event of a probation violation.

11. Such a counteroffer would, in my experience, be a novel approach to negotiation of §§ 11351 and 11378 charges. I have never presented such a counteroffer, and I am not aware of the D.A. ever rejecting such a counteroffer.

12. Such a counteroffer, if accepted, would have: (a) resulted in Mr. Lopez spending more time in prison in the event of a probation violation, (b) avoided a trial, (c) saved the government resources and (d) avoided an appeal and this habeas challenge.

13. Given that Mr. Lopez had already been granted asylum, I believe he would have agreed to such a counter offer in exchange for the possibility of retaining his legal immigrant status.

14. I take issue with the suggestion that a factual basis did not exist for a plea to §§ 11352, 11360, or 11379. The cocaine, methamphetamine and other drugs did not magically appear at Mr. Lopez's apartment; someone had to "transport" them there.

15. I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California, on this __10TH__ day of December, 2006.

_____
Neil A. Besse, Deputy Public Defender
Declarant