BONNIE M. DUMANIS
District Attorney
MICHAEL E. ZACHRY, SBN 191918
Deputy District Attorney
San Diego Hall of Justice
330 West Broadway, Suite 920
San Diego, CA 92101
(619) 531-4366

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF, ERNESTO RIVAS LOPEZ, <br><br> Petitioner, <br><br> FOR A WRIT OF HABEAS CORPUS. | Habeas No.: HC18635 <br> Court No.: SCD187886 <br> D.A. No.: ABK161 <br><br> **DECLARATION OF KATHLEEN LEWIS IN SUPPORT OF RETURN TO HABEAS PETITION** |

I, KATHLEEN LEWIS, do declare the following:

1. I am a Deputy District Attorney employed by the San Diego District Attorney's Office.

2. During March 2005, I was assigned to the Case Disposition Unit, under the supervision of Deputy District Attorney Greg Walden.

3. On March 25, 2005, I represented the People at a readiness conference in the case of People v. Lopez (SCD187886).

4. After considering a variety of factors, including the quantity and variety of narcotics found, I offered a plea to counts 1, possession of cocaine for sale (Health and Safety Code section 11351), and 2, possession of methamphetamine for sale (Health and Safety Code section 11378). The offer included felony probation and no opposition to local time (NOLT) if Lopez

1

had no prior felonies.

5. The defense wanted a plea to straight possession to avoid adverse immigration consequences. I did not agree to a plea to straight possession. The case confirmed for trial.

6. If the defense had offered a plea to transportation of narcotics for personal use, or offering to transport or sell narcotics, in violation of Health and Safety Code sections 11352, 11360, or 11379, I would have rejected that offer. We do not make special pleas to allow non-citizen defendants to avoid deportation as a consequence of their crimes.

7. The fact that sections 11352, 11360, and 11379 provides for a greater prison term than the crimes we offered would not have persuaded me to accept the offer. Even if Lopez pleaded to transportation or offering to sell narcotics, he would likely get felony probation, not prison. He would then face a maximum of 365 days in jail, the same maximum he faced pursuant to our offer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Diego, California, on December 1, 2006.

KATHLEEN LEWIS, Declarant