BONNIE M. DUMANIS
District Attorney
MICHAEL E. ZACHRY, SBN 191918
Deputy District Attorney
San Diego Hall of Justice
330 West Broadway, Suite 920
San Diego, CA 92101
(619) 531-4366

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF, ERNESTO RIVAS LOPEZ,<br><br>Petitioner,<br><br>FOR A WRIT OF HABEAS CORPUS. | Habeas No.: HC18635<br>Court No.: SCD187886<br>D.A. No.: ABK161<br><br>**DECLARATION OF GREG WALDEN IN SUPPORT OF RETURN TO HABEAS PETITION** |

I, GREG WALDEN, do declare the following:

1. I am a Deputy District Attorney employed by the San Diego District Attorney's Office.

2. During January to March 2005, I was the Deputy District Attorney in charge of the Case Disposition Unit. The Case Distribution Unit has since become a part of the newly-named Pretrial and Disposition Division. I am currently the Chief of the division. At all times since January 2005, my job has included overseeing plea bargain negotiations for all felony cases prosecuted in the downtown branch of the District Attorney's Office, except for those that are handled vertically by specialized units.

3. As Chief of the Disposition Division, I am responsible for establishing disposition policies. This includes identifying the proper criteria upon which plea offers shall be based.

1
Declaration of Greg Walden

4. As a matter of policy, a defendant's immigration status is irrelevant to any disposition offer that might be made by myself or any of the Deputy District Attorneys I supervise in this office. A defendant who is a U.S. citizen will get the same offer as a similarly situated defendant who is not a citizen. Immigration status is simply not a relevant factor in the consideration of plea offers.

5. Similarly, immigration status is not a relevant factor in the decision of whether to accept a disposition offer made by a defendant.

6. Pursuant to this policy regarding immigration status, we do not depart from our standard criteria and make special offers in order to allow defendants to avoid immigration consequences of a felony conviction, such as deportation and exclusion from reentry into the country. Nor would we accept any such offer made by the defense.

7. In my view, making or accepting special offers designed to allow a defendant to avoid deportation provides a special, undeserved benefit to non-citizen defendants. Further, it undermines federal immigration laws, and is contrary to the efforts of fellow law enforcement agencies.

8. I have reviewed the case file of People v. Lopez (SCD187886). Pretrial negotiations were handled by Kathleen Lewis, a Deputy District Attorney acting under my supervision. DDA Lewis offered a plea to counts 1, possession of cocaine for sale (Health and Safety Code section 11351), and 2, possession of methamphetamine for sale (Health and Safety Code section 11378). The offer included felony probation and no opposition to local time (NOLT) if Lopez had no prior felonies.

9. According to the notes in the District Attorney case file, the defense wanted a plea to straight possession to avoid adverse immigration consequences. The parties did not come to a plea agreement and the case confirmed for trial.

10. If the defense had offered to plead to transportation of narcotics for personal use, or offering to transport or sell narcotics, in violation of Health and Safety Code sections 11352, 11360, or 11379, the People would have rejected that offer. I would not authorize a special plea designed to allow Lopez to avoid the legal consequences of his crimes based on his immigration

11. It makes no difference that sections 11352, 11360, and 11378 carry a greater prison term than the possession for sale crimes offered by the People. Lopez has no prior felonies and would almost certainly not be sentenced to prison even if he pleaded to transportation or offering to sell narcotics. Instead, he would get felony probation with a maximum of 365 days of local custody, the same limit he would face pursuant to the NOLT we offered him.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California, on December 1, 2006.

_____
GREG WALDEN, Declarant

Declaration of Greg Walden