```
                                                F I L E D
                                                Clerk of the Superior Court

                                                JAN 2 4 2007

                                                By: F. McCurley, Deputy
```

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF: | ) HC 18635 <br> ) SCD 187886 <br> ) <br> ) |
| ERNESTO RIVAS LOPEZ, | ) <br> ) ORDER DENYING PETITION FOR WRIT <br> ) OF HABEAS CORPUS <br> ) <br> ) <br> ) |
| Petitioner | ) |

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS, THE PEOPLE'S RETURN, THE PETITIONER'S DENIAL AND THE COURT FILE IN THE ABOVE REFERENCED MATTER, THE COURT FINDS AS FOLLOWS:

On May 13, 2005, after a jury trial, Petitioner was convicted of possession of cocaine for sale (Health & Safety Code §11351), possession of methamphetamine for sale (Heath & Safety Code §11378), possession of marijuana (Health & Safety Code §11359), possession of ketamine (Health & Safety Code §11377(b)(2)), possession of narcotics paraphernalia (Heath & Safety Code §11364), and unauthorized possession of a hypodermic needle or syringe (Business & Professions Code §4140). The Court suspended imposition of sentence and placed Petitioner on probation for a period of five years on the condition that he serve 365 days in jail.

Petitioner filed an appeal arguing that the Court erred in instructing the jury and that the order granting probation improperly reflected the terms and conditions imposed by the Court. The Court of Appeal, Fourth Appellate District, Division One, affirmed the judgment, but remanded to re-determine the terms of probation. The remittitur issued on August 22, 2006.

On September 7, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus, claiming that he received ineffective assistance of counsel. based on trial counsel's alleged failure to properly advise or discuss the consequences of going to trial, failing to advise of immigration consequences, and failing to investigate the alternative plea bargain possibilities discussed in *People v. Bautista* (2004) 115 Cal.App.4th 229, 237.

On November 3, 2006, this Court issued an Order to Show Cause why the relief requested in the Petition should not be granted.

On December 4, 2006, Respondent filed a Return to the Petition, asserting that: (1) defense counsel did not provide ineffective assistance of counsel by failing to consider an "upward plea" as discussed in *People v. Bautista* (2004) 115 Cal.App.4th 229; (2) even if counsel was ineffective in not pursing an "upward plea," defendant was not prejudiced because the People would not have accepted such a plea; (3) defense counsel did not fail to properly advise Petitioner regarding immigration consequences; and (4) defense counsel did not provided ineffective assistance by failing to call defense witnesses at trial.

On December 13, 2006, Petitioner filed a Denial/Traverse to the Response asserting that: (1) the D.A.'s declarations did not show that plea negotiations would have been fruitless because they were based on false assumptions; (2) the declarations left material issues of fact necessitating an evidentiary hearing; and (3) the Return failed to rebut Petitioner's showing that his attorney failed to investigate and present a substantiated defense at trial.

On January 12, 2007, this Court issued an Order Extending Time.

After review, the Petition is denied for the reasons set forth below.

Petitioner contends that he received ineffective assistance of counsel based on trial counsel's alleged failure to: 1) properly advise or discuss the consequences of going to trial, namely failing to advise of immigration consequences, and failing to call defense witnesses at

trial; and 2) failing to investigate the alternative plea bargain possibilities discussed in *People v. Bautista* (2004) 115 Cal.App.4th 229.

Whether Petitioner was denied effective assistance of counsel is a two prong test. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Ledesma* (1987) 43 Cal.3d 171, 216.) First, Petitioner must show that counsel's representation was deficient, in that it "fell below an objective standard of reasonableness . . . under prevailing professional norms." (*Ledesma, supra*, 43 Cal.3d at p. 216, citing *Strickland, supra*, 466 U.S. at p. 688.) This first prong is reviewed under a standard of deferential scrutiny. (*Strickland, supra*, 466 U.S. at p. 689; *Ledesma, supra*, 43 Cal.3d at p. 216.)

Second, if counsel's performance is shown to be deficient, the Petitioner must show that the deficient performance prejudiced his or her defense. (*Strickland, supra*, 466 U.S. at p. 687; *Ledesma, supra*, 43 Cal.3d at p. 216.) This prong must be "affirmatively proved." (*Ledesma, supra*, 43 Cal.3d at p. 217.) To prove prejudice, a Petitioner cannot merely show that the errors had some conceivable effect on the outcome of the proceeding. (*People v. Davis* (1995) 10 Cal.4th 463, 503, citing *Ledesma, supra*, 43 Cal.3d at p. 215.) Instead, Petitioner must establish there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would be different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland, supra*, 466 U.S. at p. 694.) However, the *Strickland* court advised, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland, supra*, 466 U.S. 668, 697.)

### A. Ground No. 1: Counsel's Alleged Failure to Advise Petitioner of the Consequences of Trial and Failing to Call Defense Witnesses

Although Petitioner contends that he was not advised of the consequences of going to trial, the evidence does not support his contention. Petitioner asserts that trial counsel failed to advise him that a conviction for any of the three possession for sale counts would result in his

removal from the United States and the loss of his previously granted asylum. (Petition, p. 3.) However, counsel's declaration affirmatively states that: 1) Petitioner was advised that he would be deported as a result of a conviction in the case; 2) that there were harsh immigration consequences stemming from the pending charges against Petitioner which may result in a loss of his asylum; and 3) that deportation and exclusion from readmission was mandatory for possession for sale offenses, which are aggravated felonies. (Declaration of Neil Besse, Petition Exhibit F, ¶¶ 3-5.)

In 2001, the California Supreme Court held that affirmative *misadvice* regarding immigration consequences may, depending on the circumstances of the particular case, constitute ineffective assistance of counsel. (*In re Resendiz, supra*, 25 Cal.4th 230.)[1] However, in this case, there was no such affirmative misadvice. The statements made by counsel were correct, in that conviction would result in deportation and could result in a loss of asylum.

Further distinguishing the present case with other immigration cases cited by Petitioner is the fact that the defendants in those cited cases pled guilty, thereby giving up their right to a trial, based the advice of counsel concerning the immigration consequences.[2] It was in those situations that the courts found that incomplete advice concerning immigration consequences constituted ineffective assistance of counsel due to a defendant's decision to waive his right to trial. However, central to these holdings was the fact that the defendants' acceptance of the plea

---

1 In *Resendiz*, defense counsel told the defendant, who he knew to be a lawful permanent resident that was concerned about his immigration status, that he would have "no problems with immigration" except that he would not be able to become a United States citizen. (*Id.* at 236.) However, the court did not determine whether counsel's advice constituted deficient performance because it disposed of the claim by finding Petitioner did not establish prejudice. (*Id.* at 252-253.)

2 See *People v. Soriano* (1987) 194 Cal.App.3d 1470, where the defendant brought a habeas corpus petition claiming that his attorney neglected to adequately inform him of the immigration consequences of his guilty plea and failed to adequately research the applicable immigration law. (*Soriano, supra*, 194 Cal.App.3d at p. 1478.) In that case, the attorney only gave Petitioner a pro forma warning regarding the possible immigration consequences and on two separate occasions assured Petitioner he would not be deported if he pled guilty. (*Id.*) In addition, defense counsel testified that she was unaware of available possibilities that would have removed defendant from the class of deportable convicts. (*Id.* at p. 1480.) Counsel also said that had she known the deportation impact of the various sentences, she would have "tried to negotiate the case differently." (*Id.*) The court (First Dist., Div. 2) held that a "formulaic" warning by counsel of possible immigration consequences was not adequate and that whatever advice counsel did give was not founded on adequate investigation of federal immigration law. (*Id.* at p. 1481-82.) Therefore, the court concluded the defendant was denied effective assistance of counsel in entering his guilty plea and should be allowed to withdraw that plea. (*Id.* at p. 1482.) Also see *People v. Bautista* (2004) 115 Cal.App.4th 229, discussed in section B of this Order.

offer which ultimately led to their deportation, deprived them of their opportunity to take their cases to trial and seek acquittal.

Here, no such issue exists as Petitioner did not plead guilty and did not waive his right to trial. Rather, the plea offer made to Petitioner in this case was for one count of possession for sale of methamphetamine and one count of possession for sale of cocaine, both of which are aggravated felonies. Based on the plea offer from the People, Petitioner made the decision to go to trial and seek an acquittal, the *only* other alternative aside from accepting the offer and facing deportation.

With regard to Petitioner's claim that counsel failed to put on a defense at trial, it appears that counsel did defend the case, albeit by cross-examination of the People's witnesses. Although Petitioner submits declarations from various potential witnesses asserting Petitioner's alleged innocence, (Petition, Exhibits A-E) Petitioner has failed to show that counsel was aware of the existence of such issues, or that the decision to not call such witnesses was anything other than a strategic decision by counsel. Counsel's declaration merely states that he did not consider the strategy of focusing a defensive attack on the aggravated felony counts and that he may have conducted the trial differently had he been aware that an "upward plea" as discussed in *Bautista* may not have resulted in deportation. (Declaration of Neil Besse, Petition, Exhibit F, ¶¶ 23-24.) Noticeably absent is any statement by counsel that he would have called such witnesses at trial or that he was even aware such witnesses existed.

Nor is there any evidence presented regarding what investigation was undertaken by counsel, or conversely, that no investigation was conducted. Absent any evidence to the contrary, counsel is given the benefit of a strong presumption that his or her conduct fell within the "wide range of reasonable professional assistance." (*Ledesma, supra*, 43 Cal.3d at p. 216.) "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (*In re Marquez* (1992) 1 Cal.4th 584, 603, citing *Strickland, supra*, at p. 689.) Strategic decisions made by counsel after a reasonable investigation into the alternatives should be given deference by the courts. (*People v. Pennsinger* (1991) 52 Cal.3d 1210, 1280.)

Therefore, Petitioner's claim on this ground is denied.

**B.     Ground No. 2: Counsel's Alleged Failure to Consider an "Upward Plea," Pursuant to *People v. Bautista* (2004) 115 Cal.App.4th 229**

Central to Petitioner's ineffective assistance of counsel claim is the assertion that trial counsel failed to pursue an alternative plea bargain to a non-aggravated felony such as offering to sell marijuana. Relying on the holding in *People v. Bautista* (2004) 115 Cal.App.4th 229, Petitioner argues that trial counsel should have attempted to "plead up" to a more serious, but non-aggravated, felony to avoid the immigration consequence.

In *People v. Bautisista, supra*, 115 Cal.App.4th 229, the defendant contended that his trial counsel was ineffective because he failed to advise him that deportation and exclusion from readmission was mandatory for possession of marijuana for sale, which is an aggravated felony. Defendant Bautista's trial counsel did not try to negotiate a plea bargain to a non-aggravated felony such as offering to sell marijuana. While Defendant's counsel did advise Defendant that his conviction of Health & Safety Code §11359 would result in mandatory deportation, counsel did not attempt to negotiate a plea to a non-aggravated felony to avoid immigration consequences. Instead, he negotiated a 16-month prison sentence in exchange for a plea to the charged offense of possession of marijuana for sale. The court ultimately granted Defendant's habeas petition based on ineffective assistance of counsel finding that counsel erred in failing to offer a plea for transporting or offering to sell or transport marijuana. (*Id.*)

However, *People v. Bautisista, supra*, 115 Cal.App.4th 229, is distinguishable from the present matter. First, as previously discussed above, unlike the defendant in *Bautista*, Petitioner did not plead guilty and thus did not waive his right to a jury trial. Rather, Petitioner went to trial and sought an acquittal, which was the only other option available to Petitioner to avoid deportation and/or loss of asylum.

Second, and perhaps most importantly, the People have ***quite clearly*** established that they would never have agreed to an "upward plea." As stated in the People's Return, the People would have opposed an offer that would give special treatment to non-citizens. (Declaration of DDA Greg Walden, People's Return, Exhibit 2, ¶¶1-11.) Thus, no special offer proposed by

the defense, such as an "upward plea" would have been agreed to by the People. The People further state that they would have flatly rejected any offer to plead up to a crime such as transporting or offering to sell drugs because there was no evidence that Petitioner either transported, or offered to sell, drugs in this case. There was no factual basis for those charges and the People, and the Court would have required Petitioner to make some admission that satisfied the statute. The People would not accept a factual basis that falsely stated that Defendant merely offered to sell or transport narcotics or possessed them for personal use. There was no non-aggravated felony that the People would have accepted had it been offered by defense. (Declaration of DDA Kathleen Lewis, People's Return, Exhibit 1, ¶¶6-7.)

Thus, the People have established that no "alternative" plea offer was available. Nor, would they have considered allowing Petitioner to plead to crimes he did not commit or for which there was no factual basis. Therefore, because the People would not have accepted such a plea offer, the failure of Petitioner's counsel to offer such plea was of no consequence and did not result in any prejudice to Petitioner.

For each of the foregoing reasons, the Petition is hereby DENIED in its entirety.

Service of this Order is ordered upon (1) the San Diego District Attorney's Office (DDA Michael E. Zachry) and (2) Petitioner's counsel (Kurt Hermansen).

IT IS SO ORDERED.

DATED: 1/24/07

GALE E. KANESHIRO
JUDGE OF THE SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | FOR COURT USE ONLY<br><br>F I L E D<br>Clerk of the Superior Court<br><br>JAN 2 5 2007<br><br>By: L. SANDOVAL, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br>The People of The State of California | |
| DEFENDANT(S)/RESPONDENT(S)<br>ERNESTO RIVAS LOPEZ | JUDGE: _____<br>DEPT: _____ |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br>HC 18635<br>SCD 187886 |

I certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION OF WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego   ☐ Vista   ☐ El Cajon   ☐ Chula Vista   ☐ Oceanside   ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| ERNESTO RIVAS LOPEZ | Sent to Petitioner's Counsel |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |
| Law Offices of Kurt David Hermansen | 110 West C St., Suite 1810<br>San Diego, CA 92101 |

CLERK OF THE SUPERIOR COURT

Date: 01/25/2007 _____   By _____, Deputy