EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
ANTHONY DA SILVA, State Bar No. 159330
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2608
 Fax: (619) 645-2271
 Email: Anthony.DaSilva@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNESTO RIVAS LOPEZ,** | 08CV0457-LAB (AJB) |
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **MACK JENKINS, Chief Probation Officer, et. al.,** | |
| Respondents. | |

COMES NOW RESPONDENT, MACK JENKINS, Chief Probation Officer for San Diego County,[1] by and through his counsel, Edmund G. Brown Jr., Attorney General for the

---

1. Lopez has named California Attorney General Edmund G. Brown Jr. as an additional respondent to his Petition. On federal habeas, if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Attorney General Brown is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as the respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition

1 State of California, and Anthony Da Silva, Deputy Attorney General, files his Answer to the
2 Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Ernesto Rivas Lopez in
3 compliance with this Court's orders filed on April 25 and May 12, 2008.  Under Rule 5 of the
4 Rules Governing Section 2254 Cases in the United States District Courts, Respondent hereby
5 denies and affirmatively alleges as follows:

**I.**

**PROCEDURAL AVERMENTS**

Lopez is lawfully on probation for five years in Respondent's custody on the condition that he serve 365 days in county jail following a conviction by a San Diego County jury of possession of cocaine for sale (Cal. Health & Safety Code § 11351; count 1); possession of methamphetamine for sale (Cal. Health & Safety Code § 11378; count 2); possession of marijuana for sale (Cal. Health & Safety Code § 11359; count 3); possession of ketamine (Cal. Health & Safety Code § 11377(b)(2); count 5); possession of paraphernalia used for narcotics (Cal. Health & Safety Code § 11364; count 6); and unauthorized  possession of a hypodermic needle or syringe (Cal. Bus. & Prof. Code § 4140; count 7) in Case No. SCD187886.  (Lod. 1 - Clerk's Transcript (CT) at 1-4; 52-57; Lod. 3 - Reporter's Transcript (RT) at 283-284.)  The court suspended imposition of the sentence and placed Lopez on probation for five years on the condition that he serve 365 days in county jail.  (Lod. 1 - CT at 132-134, 161; Lod. 3 - RT at 362-364.)

Lopez appealed, contending that: (1) the trial court erred in instructing the jury that they could find him liable for possession for sale (counts 1-3) where he did not have the specific intent to personally sell the controlled substance, but rather the specific intent that someone else do so; and (2) the order granting probation improperly reflected the terms and conditions imposed by the court.  (Lod. 4 - Lopez's Opening Brief at 7-19.)  In an unpublished opinion, the California Court of Appeal, Fourth Appellate District, Division One, affirmed the judgment and

---

must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. " Rule 2(b), 28 U.S.C. foll. § 2254.  Here, there is no basis for Lopez to have named Attorney General Brown as a respondent in this action.

remanded the case for the trial court to redetermine the terms of probation. (Lod. 7 - *People v. Lopez*, No. D046705, slip. op. at 1-12 (June 2, 2006).) Lopez filed a review petition raising the same claims (Lod. 8), which was denied by the California Supreme Court in Case No. S144907, on August 16, 2006. (Lod. 9.)

On September 7, 2006, Lopez filed a habeas petition in San Diego County Superior Court Case No. HC18635, wherein he alleged that he received ineffective assistance by his trial counsel because he failed: (1) to pursue an "upward plea" to a greater but non-aggravated offense which would have made Lopez eligible for relief from deportation; and, (2) to investigate and present evidence that would have shown that Lopez was only guilty of possession or transportation of drugs, leaving Lopez eligible for relief from deportation. (Lod. 10.) The Superior Court issued an order to show cause (Lod. 11), and the San Diego County District Attorney's Office filed a return. (Lod. 12.) Lopez filed a traverse. (Lod. 13.) The superior court issued an order denying Lopez's petition on January 24, 2007. (Lod. 14.)

On February 27, 2007, Lopez filed a habeas petition raising the same claims in California Court of Appeal, Fourth Appellate District, Division One, Case No. D050345.) (Lod. 15.) The Court of Appeal issued an order denying the petition on March 13, 2007. (Lod. 16.)

On June 25, 2007, Lopez filed a habeas petition raising the same claims in California Supreme Court Case No. S154133. (Lod. 17.) The Supreme Court requested an informal response, which was filed by Office of the Attorney General. (Lod. 18.) Lopez filed a reply. (Lod. 19.) The California Supreme Court issued an order denying the Petition on February 13, 2008. (Lod. 20.)

Lopez filed the instant Petition in this Court on March 12, 2008.

## II.

## FACTUAL AVERMENTS

The facts relevant to the determination of Lopez's Petition are summarized in the opinion of the California Court of Appeal (Lod. 7 - *People v. Lopez*, No. D046705, slip. op. at 2-4), as well as the orders by the superior court (Lod. 14) and state appellate court (Lod. 16) denying his state habeas corpus petitions. The state court's recitations are presumed to be

correct. *Briggs v. Galaza*, 242 F.2d 1082, 1087 (9th Cir. 2001).

## III.

## STANDARD OF REVIEW

Lopez's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed after its enactment on April 26, 1996. 110 Stat. 1214. *See Woodford v. Garceau*, 538 U.S. 202, 207, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003) (habeas application filed after the AEDPA's effective date of April 24, 1996, is reviewed under the AEDPA); *Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). To obtain federal habeas relief, Ma must satisfy either 28 U.S.C. § 2254(d)(1) or § 2254(d)(2). *Williams v. Taylor*, 529 U.S. 362, 403, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). As amended by the AEDPA, 28 U.S.C. § 2254 reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To obtain federal habeas relief, Lopez must satisfy either § 2254(d)(1) or § 2254(d)(2). *Williams v. Taylor*, 529 U.S. 362, 403, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 769, 115 S. Ct. 1769, 131 L. Ed. 2d 834 (1995); *Thompson v. Keohane*, 516 U.S. 99, 109, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

///

///

## IV.

## STATUTE OF LIMITATIONS, EXHAUSTION, PROCEDURAL BARS

Lopez's Petition was timely filed with this Court. 28 U.S.C. § 2244(d)(1)(A). The claims contained in his petition have been exhausted in the state courts and are not procedurally barred.

## V.

## CLAIMS

Lopez claims that he received ineffective assistance by his trial counsel because he failed: (1) to pursue an "upward plea" to a greater but non-aggravated offense which would have made Lopez eligible for relief from deportation; and, (2) to investigate and present evidence that would have shown that Lopez was only guilty of possession or transportation of drugs, leaving Lopez eligible for relief from deportation. Lopez is not entitled to federal habeas corpus relief because the state courts' denial on his claims on habeas corpus were not contrary to or an unreasonable interpretation of established United States Supreme Court precedent, *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and were not based on an unreasonable determination of the facts presented to the state courts. *See* 28 U.S.C. § 2254(d).

## VI.

## EVIDENTIARY HEARING

Lopez claims that he is entitled to an evidentiary hearing because he has raised a "colorable claim" of ineffective assistance of counsel and he should have been given such a hearing by the state courts. (Pet. at 8; First Amend. Memo P&A at 22-24.) But the Ninth Circuit's "colorable claim" standard on which Lopez relies (First Amended Memo P&A at 22, citing *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2002) (quoting *Smith v. McCormick*, 914 F.2d 1153, 1170 (9th Cir. 1990)), has been overruled by the Supreme Court's decision in *Schriro v. Landrigan*, (2007) 550 U.S. ___, 127 S. Ct. 1933, 167 L. Ed. 2d 482 (2007). The analysis in evaluating the merits of a petition under § 2254(d) also applies when considering whether to grant an evidentiary hearing on the petition: "[I]f the record refutes the applicant's

factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 127 S. Ct. at 1940. *Schriro v. Landrigan* overrules Ninth Circuit authority regarding evidentiary hearings. Relying on pre-AEDPA authority, the Ninth Circuit previously held that petitioners must receive an evidentiary hearing when they satisfy the relatively "'low bar'" of alleging a "colorable claim" for relief. *See Landrigan v. Schriro*, 441 F.3d 638, 643, 650 (9th Cir. 2006) (en banc), *rev'd* 127 S. Ct. 1933, 1944 (2007); *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005) (citing *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005)); *also Horton v. Mayle*, 408 F.3d 570, 581-82 & n.6 (9th Cir. 2005); *cf. Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (pre-AEDPA); *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001) (pre-AEDPA). With Lopez, state courts have already considered his evidence, made findings, and reached legal conclusions regarding his claims that attorney Besse rendered ineffective assistance. No further development of the record is necessary because the state courts have already considered and rejected the evidence proffered by Lopez. Accordingly, Lopez cannot show that an evidentiary hearing could enable him to prove that the factual allegations of his Petition, if true, would entitle him to federal habeas relief. *Schriro v. Landrigan*, 127 S. Ct. at 1940.

## VII.

## LODGMENTS

Counsel for Respondent will be lodging all the transcripts, briefs, and opinions in counsel's possession that are required by Rules 5(c) and 5(d), 28 U.S.C. foll. § 2254.

///

///

///

08CV0457

## VIII.

## CONCLUSION

Respondent incorporates by reference the Memorandum of Points and Authorities filed in support of his Answer. Except as expressly admitted in this Answer, Respondent denies each and every allegation in Lopez's pending Petition. Respondent denies Lopez's claim of any violation of his federal Constitutional rights, affirmatively alleges that the judgment and conviction did not result from any violation of his federal Constitutional rights, and alleges that the absence of any violation of the federal Constitution compels denial of federal habeas corpus relief.

Dated:  June 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


s/Anthony DaSilva
ANTHONY DA SILVA
Deputy Attorney General
Attorneys for Respondent

ADS:jr
80251244.wpd
SD2008700230

## CERTIFICATE OF SERVICE

Case Name:   **Ernesto Rivas Lopez v. Jenkins**

No.:   **08CV0457-LAB (AJB)**

I declare:

On June 18, 2008, I electronically filed the following document(s):

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER, NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE- TO BE SENT TO CLERKS OFFICE**

## Electronic Mail Notice List
I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

Kurt David Hermansen
**E-mail Address:** KDH@KurtDavid Hermansen.com
Attorney for Petitioner

## Manual Notice List
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

NONE

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 18, 2008, at San Diego, California.

_____Jena Ray_____          _____[signature]_____
      Declarant                              Signature

SD2008700230
80251792.wpd