LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California 92101-3909
Telephone: (619) 236-8300
Facsimile: (619) 236-8400
KDH@KurtDavidHermansen.com
Attorney for Petitioner
ERNESTO RIVAS LOPEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RIVAS LOPEZ, | 08cv0457 LAB (AJB) |
| Petitioner, | |
| v. | **PETITIONER'S REPLY** |
| MACK JENKINS, Chief Probation Officer, San Diego County Probation Department, | |
| Respondent, | |
| and | |
| EDMUND G. BROWN JR., Attorney General of the State of California, | |
| Additional Respondent. | |

Petitioner ERNESTO RIVAS LOPEZ, by and through his attorney Kurt David Hermansen, hereby submits this memorandum of points of authorities in support of his reply.

I.  **<u>SCHRIRO V. LANDRIGAN</u>, 127 S. CT. 1933 (2007) DID NOT OVERRULE OR MODIFY THE "COLORABLE CLAIM" STANDARD OR ANY OTHER NINTH CIRCUIT AUTHORITY REGARDING EVIDENTIARY HEARINGS.**

Respondent asserts that the Supreme Court's decision in *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933 (2007), overruled the Ninth Circuit's "colorable claim" standard and also "overrules Ninth Circuit authority regarding evidentiary hearings." (Resp.'s Ans. at 5-6; Resp.'s Mem. at 22-24.)  These assertions are demonstrably incorrect.  Respondent's analysis of *Landrigan* is not supported by the Supreme Court's opinion or by logic.

      A.    *Schriro v. Landrigan* Did Not Overrule Ninth Circuit Precedent.

Even a casual reading of *Landrigan* shows the opinion did not overrule any Ninth Circuit standard or precedent.  In a fact-driven case, the Supreme Court merely reversed the Ninth Circuit's determination that Landrigan, a habeas petitioner under 28 U.S.C. § 2254, was entitled to an evidentiary hearing. *Schriro v. Landrigan*, 127 S. Ct. at 1940-44.  The Supreme Court agreed with the district court's determination that Landrigan, even with an evidentiary hearing, could not show he was prejudiced by his trial attorney's ineffective assistance. *See id.* at 1944 ("Even assuming the truth of all the facts Landrigan sought to prove at the evidentiary hearing, he still could not be granted federal habeas relief because . . . the mitigating evidence he seeks to introduce would not have changed the result.").

Although the Supreme Court reversed the Ninth Circuit decision below, it did not reverse any Ninth Circuit precedent.  The opinion does not state or suggest that it is overruling any Ninth Circuit precedent.[1]  The opinion does not state or suggest that it is rejecting any Ninth Circuit standard, including the "colorable claim" standard.  To the contrary, the Supreme Court implicitly ***endorsed*** the "colorable claim" standard by holding that Landrigan did not make a colorable claim of ineffective assistance, and therefore his petition was properly denied. *See id.* at 1937, 1938.  Moreover, the Ninth Circuit does not seem to agree with the contention that *Landrigan* — decided on May 14, 2007 — overruled the "colorable claim" standard. *See, e.g., Pinholster v. Ayers*,

---

[1] Tellingly, respondent quotes no such language from the opinion, instead making only conclusory assertions. (*See* Resp.'s Mem. at 22-24.)

525 F.3d 742 (9th Cir. May 2, 2008) (applying colorable claim standard); *Gonzalez v. Knowles*, 515 F.3d 1006 (9th Cir. Feb. 6, 2008) (same).

The *Landrigan* opinion merely holds that given the facts presented in the record, the Ninth Circuit's ***application*** of applicable legal standards was incorrect.

### B. *Schriro v. Landrigan* Did Not Modify Ninth Circuit Precedent.

*Landrigan* did not modify Ninth Circuit precedent regarding evidentiary hearings or other habeas procedure. Again, the Supreme Court held that the Ninth Circuit incorrectly ***applied*** the applicable habeas standards to the operative facts of the case. *Schriro v. Landrigan*, 127 S. Ct. at 1944. Respondent reads far too much into *Landrigan*, asserting that "the petitioner's burden in establishing a 'colorable claim' is now much more difficult," and suggesting that under *Landrigan*, a federal court may not order an evidentiary hearing unless "a state court's decision was unreasonable under § 2254(d)." (Resp.'s Mem at 24.) This is incorrect.

In *Landrigan*, the Supreme Court simply recognized that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 127 S. Ct. at 1940. In recognizing this principle, the Court ***acknowledged that the principle was not new and was already followed by federal Courts of Appeals, including the Ninth Circuit.*** *Id.* ("The Ninth Circuit has recognized this point in other cases . . . . This approach is not unique to the Ninth Circuit.") (*citing, e.g., Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

After *Landrigan*, the standard for granting an evidentiary hearing remains the same: a petitioner is entitled to a hearing if (1) "the state factual determination is not fairly supported by the record as a whole," **or** (2) "the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing," **or** (3) "for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing." *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005), *cert. denied*, 547 U.S. 1159 (2006) (*quoting Townsend v. Sain*, 372 U.S. 293, 313 (1963)). Here, Mr. Lopez is ***entitled*** to a hearing because the state factual determination is not fairly supported by the record as a whole given the dueling declarations in this case, and because the state court refused to grant an evidentiary hearing.

1     "Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the
2 decision to grant an evidentiary hearing was generally left to the sound discretion of district
3 courts. That basic rule has not changed." *Schriro v. Landrigan*, 127 S. Ct. at 1939 (citations
4 omitted).[2/]

    **C.**     ***Schriro v. Landrigan* is Inapplicable to Mr. Lopez's Petition Because the Record Does Not Refute His Allegations.**

    The pre-existing principle acknowledged in *Landrigan* — that an evidentiary hearing is not required "if the record refutes the applicant's factual allegations," *Schriro v. Landrigan*, 127 S.Ct. at 1940 — is inapplicable here because the record in no way refutes Mr. Lopez's factual allegations. An allegation is only "refuted" when it is ***proven*** to be wrong. *See* Black's Law Dictionary 1286 (7th ed. 1999) (to "refute" is "1. To prove (a statement) to be false. 2. To prove (a person) to be wrong."); Webster's Encyclopedic Unabridged Dictionary 1207 (1989) (to "refute" is "to prove to be false or erroneous"). Here, the record shows a factual ***dispute***, with sworn declarations from attorneys on both sides. The record does not prove that an "upward plea" offer would have been rejected because the record contains persuasive evidence to the contrary. (*See* Exhibits F, G.)

    The instant case is nothing like *Landrigan* — an extreme case where the petitioner's factual allegations were proven false by ***his own admissions and actions contained in the trial record.*** Landrigan's petition alleged he was prejudiced by his trial attorney's failure to investigate mitigating evidence for the penalty phase of his trial. *Schriro v. Landrigan*, 127 S. Ct. at 1938. The district court held, and the Supreme Court agreed, that this allegation was refuted by the trial record, which showed that Landrigan himself stated in open court that he did not want mitigating evidence to be presented; that Landrigan himself instructed his attorney not to produce mitigating evidence; and that Landrigan himself actively prevented his attorney from presenting mitigating evidence. *Id.* at 1938; *id* at 1941 (Landrigan "instructed his attorney not to present any evidence at the sentencing hearing"); *id.* at 1942-43 ("Landrigan informed his

---

[2/] Notably, the Ninth Circuit has already rejected a similar interpretation of *Landrigan* offered by respondent. *See Smith v. Patrick*, 508 F.3d 1256, 1260 (9th Cir. 2007).

1  counsel not to present any mitigating evidence;" "Landrigan refused to allow the presentation
2  of any mitigating evidence;" "Landrigan interrupted repeatedly when counsel tried to proffer
3  anything that could have been considered mitigating"). The Supreme Court held that the trial
4  record clearly showed "that Landrigan would have undermined the presentation of any
5  mitigating evidence that his attorney might have uncovered," *id.* at 1941, and therefore "the
6  mitigating evidence he seeks to introduce would not have changed the result," *id.* at 1944.

7  Mr. Lopez's situation is clearly distinguishable from the extreme scenario presented in
8  *Landrigan*. The evidence contradicting Mr. Lopez's claim does not come from the trial record;
9  it instead comes from after-the-fact declarations submitted by respondent, the adverse party in
10 this habeas action. The evidence contradicting Mr. Lopez's claim does not come from the words
11 or actions of Mr. Lopez; it instead comes from respondent, the adverse party in this habeas
12 action. A district court faced with the extreme factual scenario in *Landrigan* — a habeas
13 petitioner alleging facts clearly disproven by his own words and actions in the trial record —
14 may refuse to grant an evidentiary hearing. *Schriro v. Landrigan*, 127 S. Ct. at 1940. But
15 Mr. Lopez's situation is nothing like the extreme scenario in *Landrigan*. Here, the evidence
16 challenging Mr. Lopez's allegation comes not from the trial court record, but from respondent.
17 Moreover, Mr. Lopez's allegations are backed by the sworn declarations of a member of the
18 California Bar and from numerous witnesses who show there was a defense to the charges that
19 would have given Mr. Lopez a chance at avoiding an aggravated felony for immigration
20 purposes. The trial record does not refute Mr. Lopez's allegations.[3/] The petition presents an
21 active factual disputes, and Mr. Lopez is entitled to an evidentiary hearing them.

---

[3/] If after-the-fact declarations from counsel for the People of the State of California — i.e., counsel for respondent — could conclusively refute a habeas petitioner's allegations, then respondent could prevent any habeas petitioner from ever receiving an evidentiary hearing. AEDPA requires deference to state court decisions, but there is no evidence that Congress intended to give state prosecutors veto power over federal habeas actions. Moreover, the declarations of people who were in the apartment are not refuted by the prosecutor's declarations.

## II. THE FACTUAL DETERMINATIONS OF THE STATE COURT ARE NOT ENTITLED TO A PRESUMPTION OF CORRECTNESS BECAUSE THE DETERMINATIONS WERE UNREASONABLE BASED ON THE EVIDENCE BEFORE THE STATE COURT.

Respondent asserts that the factual determinations of the state court are entitled to a presumption of correctness and may not be overturned absent clear and convincing evidence of their erroneousness. (Resp.'s Mem. at 11; see also 28 U.S.C. § 2254(e)(1).) This assertion is incorrect. The state court's factual determinations that (1) a counter-offer to an "upward plea" would not have been accepted, (2) there was no basis for a plea to transportation for sale, and (3) Mr. Lopez could not have put on a meritorious defense, are ***not*** entitled to a presumption of correctness because they are "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### A. A State Court's Factual Determination Is Not Entitled to a Presumption of Correctness If It Is "an Unreasonable Determination of the Facts In Light of the Evidence Presented in the State Court Proceeding." 28 U.S.C. § 2254(d)(2).

The presumption of correctness in § 2254(e)(1) is not operable if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2). *Taylor v. Maddox*, 366 F.3d 992, 999-1000 (9th Cir. 2004), *cert. denied*, 543 U.S. 1038 (2004). "[T]he presumption of correctness and the clear-and-convincing standard of proof ***only*** come into play once the state court's fact-findings survive any intrinsic challenge; ***they do not apply*** to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." *Id.* at 1000 (emphasis added). *See also Lambert v. Blackwell*, 387 F.3d 210, 235 (3d Cir. 2004) (same); *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) ("we must initially decide whether the state court made an unreasonable determination of the facts in light of the evidence before it."). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds ***unless objectively unreasonable in light of the***

*evidence presented* in the state-court proceeding, § 2254(d)(2) . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (emphasis added).

In *Miller-El v. Cockrell*, the Supreme Court held that the Fifth Circuit was wrong to apply the clear-and-convincing standard in § 2254(e)(1) to the petitioner's challenge under § 2254(d)(2). *Id.* at 341-42 ("It was incorrect for the Court of Appeals, when looking at the merits, to merge the independent requirements of §§ 2254(d)(2) and (e)(1). AEDPA does not require petitioner to prove that a decision is objectively unreasonable by clear and convincing evidence."). In *Taylor v. Maddox*, Judge Kozinski provided a detailed explanation of the interaction between § 2254(d)(2) and § 2254(e)(1):

> The first provision — the "unreasonable determination" clause — applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, that the process employed by the state court is defective, or that no finding was made by the state court at all. . . . . [W]e must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.
>
> Once the state court's fact-finding process survives this intrinsic review — or in those cases where petitioner does not raise an intrinsic challenge to the facts as found by the state court — the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, i.e., evidence presented for the first time in federal court. . . . Significantly, the presumption of correctness and the clear--and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the "unreasonable determination" standard of section 2254(d)(2).

366 F.3d at 999-1000 (internal citations omitted). *Talyor v. Maddox* and *Miller-El v. Cockrell* clearly disprove respondent's assertion that all factual findings by the state court are entitled to a presumption of correctness.

**B.    Here, the State Court's Decision Was Based on Factual Determinations which Were Unreasonable In Light of the Evidence Presented (i.e., Dueling Declarations) in the State Court Proceeding.**

In Mr. Lopez's case, the state court decision was based on factual determinations which were unreasonable in light of the evidence presented in the state proceeding, § 2254(d)(2), and

thus are not entitled to a presumption of correctness under § 2254(e)(1). The state court's decision that Mr. Lopez was not prejudiced by trial counsel's failure to offer an "upward plea" was based on the unreasonable factual determination that the upward plea would not have been accepted. (*See* Exhibit O; Petr.'s Amend. Mem. at 8-12.) The state court, presented with dueling declarations about whether a counter-offer would have been accepted, disregarded the facts alleged by Mr. Lopez and the evidence supporting those facts. (*See* Petr.'s Amend. Mem. at 8-12.) This was unreasonable. In addition, the state court's decision that Mr. Lopez was not prejudiced by trial counsel's failure to investigate was based on the unreasonable factual determination that Mr. Lopez could not present evidence supporting a valid defense to the charges against him. (*See* Petr.'s Amend. Mem. at 17-18.) The state court, presented with several declarations supporting Mr. Lopez's allegations, disregarded those facts.

In a telling omission, respondent fails to address one of Mr. Lopez's most persuasive points: that the state court, faced with a prima facie case for relief and contested issues of fact, ***was required by California law to order an evidentiary hearing***, yet did not do so. *See*, *e.g.*, *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995) ("If . . . the court finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an OSC."); *In re Clark*, 855 P.2d 729, 750 n.16 (Cal. 1993) (same); *Durdines v. Superior Court*, 90 Cal. Rptr. 2d 217, 221 (Cal. App. 1999) ("If a petition appears to have merit — that if, if it states a prima facie claim for relief — the superior court must issue either the writ or an order to show cause."). (*See also* Petr.'s Amend. Mem. at 8.) Because resolution of the dueling declarations turned on credibility determinations, the court was required to hold an evidentiary hearing. *In re Scott*, 61 P.3d 402, 425 (Cal. 2003) ("the reason we require habeas corpus petitioners to prove their disputed allegations at an evidentiary hearing, rather than merely decide the merits of the case on declarations, is to obtain credibility determinations.").

Mr. Lopez's petition alleged facts that entitled him to relief. (Lodgment 15.) His petition was supported by evidence: sworn declarations from his trial attorney, himself, and several friends. (Lodgment 15.) Therefore, the state court was required to hold an evidentiary hearing. But instead, the court determined that the facts alleged and evidence presented by Mr. Lopez

1  were of zero worth, and the court adopted the facts alleged and evidence presented by
2  respondent.

3  Because the state court's decision was based on unreasonable factual determinations, the
4  factual determinations are entitled to no deference whatsoever. *Taylor v. Maddox*, 366 F.3d at
5  1001 ("the state-court fact-finding process is undermined where the state court has before it, yet
6  apparently ignores, evidence that supports petitioner's claim."); *Nunes v. Mueller*, 350 F.3d 1045
7  (9th Cir. 2003) (unreasonable for state court to hold that petitioner's contentions, which stated
8  prima facie case of ineffective assistance, were meritless).

9  **III.  RESPONDENT IS UNPERSUASIVE IN HIS ATTEMPT TO DISCREDIT THE**
10     **EVIDENCE SUBMITTED BY MR. LOPEZ TO THE STATE COURT.**

11  Respondent attempts to justify the state court's unreasonable factual determinations by
12  attacking the evidence submitted by Mr. Lopez in support of his petitions. This attempt is
13  unavailing.

14  **A.  Mr. Lopez's State Petitions Stated a Prima Facie Claim for Relief.**

15  Mr. Lopez's state petitions alleged prima facie claims of ineffective assistance of counsel.
16  (*See* Lodgements 10, 15, 17.) Yet respondent now claims that Mr. Lopez did not allege every
17  possible fact in the logical chain. Mr. Lopez alleged facts sufficient to warrant an evidentiary
18  hearing. Because the state court erroneously denied an evidentiary hearing, Mr. Lopez cannot
19  now be faulted for "failing" to develop facts sufficiently.

20  As with a summary judgment motion, the state court should have evaluated Mr. Lopez's
21  habeas petition for whether — assuming the facts alleged therein are true — it establishes a
22  prima facie claim to relief. (*E.g., People v. Duvall*, 9 Cal.4th 464, 474-475 (1995) (court's
23  inquiry is "whether, assuming the petition's factual allegations are true, the petitioner would be
24  entitled to relief"); *In re Clark*, 5 Cal.4th 750, 781, n. 16 (1993) ("The court determines on the
25  basis of the allegations of the original petition . . . as well as the supporting documentary
26  evidence and/or affidavits, which should be attached if available, whether a prima facie case
27  entitling the petitioner to relief if the allegations are proven has been stated".) "If . . . the court
28

finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an OSC." (*People v. Duvall*, 9 Cal.4th at p. 475.)

### B. Beyond the Declarations Submitted by Witnesses Who Had Been in the Apartment, the Declarations of Neil Besse Constituted Valid Evidence Supporting the Facts Alleged by Mr. Lopez.

Respondent asserts that the state court acted reasonably in rejecting Mr. Lopez's claims because Mr. Lopez did not submit credible evidence in support of his claims. (Resp.'s Mem. at 12-15.) Specifically, respondent asserts that the declarations of Neil Besse are "clearly speculative," not worthy of belief, and therefore "no evidence" whatsoever. (Resp.'s Mem. at 12, 15, 17.) In contrast, respondent asserts that the declarations of Deputies Lewis and Walden are "fact" and evidence which "quite clearly established" the allegations contained within them.[4] (Resp.'s Mem. at 12, 17.) It seems that in respondent's view, sworn declarations from prosecutors constitute conclusive evidence, but sworn declarations from defense attorneys constitute unsupported speculation.

Respondent's is mistaken. First, credibility determinations are NOT to be made without live testimony. Dueling declarations create a factual dispute here that requires an evidentiary hearing. Second, Mr. Lopez submitted declarations asserting Neil Besse's sworn belief — based on his extensive experience negotiating cases with the District Attorney's Office, many with Deputy Lewis — that an "upward plea" offer would have accepted. (Exhibits F, G.) These sworn declarations, from a member in good standing of the California Bar, constituted evidentiary support for Mr. Lopez's claims.

If declarations stating an attorney's belief carry no evidentiary weight, then the declarations of Deputies Lewis and Walden also carry no evidentiary weight, and the state court's acceptance of them was unreasonable. The declarations of Lewis and Walden merely stated their ***belief*** that a counter-offer, if made ***would have*** been rejected. If an attorney's belief about what might have happened is inadmissible and therefore not a fact presented to the state

---

[4] Respondent goes so far as to assert that Neil Besse's belief that a counter-offer would have been accepted by the District Attorney's Office is "inadmissible." (Resp.'s Mem. at 12.) Respondent offers no legal authority to support this assertion.

court, then the declarations presented by respondent are inadmissible because based on belief. The declarations of Deputies Lewis and Walden stated that they would have rejected a counter-offer. This "belief" is "not supported by any evidence" (*See* Resp.'s Mem. at 12.)

It should be noted that the declarations submitted by respondent are perhaps ***less*** reliable than the declarations submitted by Mr. Lopez, because the declaration of Deputy Walden contradicts itself. On the one hand, Walden declares that "a defendant's immigration status ***is irrelevant*** to any disposition offer that might be made by myself of any of the Deputy District Attorneys I supervise . . . . Immigration status is simply ***not a relevant factor*** in the consideration of plea offers." (Exhibit M at 2, emphasis added.) On the other hand, Walden and Lewis both declare that their policy is to categorically reject plea offers when those offers are based on immigration status: "[W]e do not . . . make special offers in order to allow defendants to avoid immigration consequences of a felony conviction"; "I would not authorize a special plea designed to allow Lopez to avoid the legal consequences of his crimes . . . ." (Exhibit M at 2.) "We do not make special pleas to allow non-citizen defendants to avoid deportation . . . ." (Exhibit L at 2.) It is difficult to imagine how Walden and his subordinates could follow a policy to (1) always reject offers based on immigration status, and yet (2) never take immigration status into account. If the District Attorney's Office never took immigration status into account, then it could not follow a policy to reject pleas on the basis of immigration status. Conversely, if the District Attorney's Office followed a policy of rejecting pleas designed to avoid immigration consequences, then it would have to take immigration status into account.

The declarations submitted by respondent, and unreasonably accepted by the state court, are clearly a *post facto* attempt to cut off Mr. Lopez's meritorious claims.

### C. The Declarations of Mr. Lopez and his Friends Constituted Valid Evidence Supporting a Defense to the Charges.

Respondent also attacks the declarations of potential witnesses who were present in the apartment and responsible for some of the drugs being present there.

**D.   The Declarations of Mr. Lopez and his Friends Constitute Valid Evidence Supporting a Factual Basis to an "Upward Plea."**

The declarations of Mr. Lopez and his friends constitute valid evidence supporting a factual basis to an "upward plea." This claim is set forth in the Petition and will not be repeated here.

**E.   Mr. Lopez's Petition Alleges Facts Entitling Him to Relief, and the State Court Unreasonably Denied Him the Opportunity to Develop the Factual Basis for His Claim.**

Remarkably, Respondent complains that Mr. Lopez has not presented enough evidence to support his claim, but conveniently ignores the fact that the state court denied Mr. Lopez the opportunity to *develop* the factual basis for his claim. If a petitioner alleges a prima facie case for relief, he is entitled to an evidentiary hearing in which he can further develop the factual basis for his claim. A habeas petitioner is not required to allege every conceivable step in the logical process. Because Mr. Lopez requested and was denied a hearing in state court proceedings, he cannot be faulted for "fail[ing] to develop the factual basis of [his] claim in State court." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir.2005) (citing 28 U.S.C. § 2254(e)(2)).

**IV.   CONCLUSION**

Mr. Lopez was denied his constitutional right to the effective assistance of counsel, and the state court was objectively unreasonable to hold otherwise. Mr. Lopez has alleged facts which entitle him to relief, but was not afforded the opportunity to develop those facts. Respondent has attempted in vain to show that Mr. Lopez is not entitled to an evidentiary hearing, but Mr. Lopez has clearly met the requirements for a hearing. Mr. Lopez prays that this court order an evidentiary hearing to resolve any contested factual issues, and that this Court grant the writ.

Executed on: *July 18, 2008*                                    *s/Kurt David Hermansen*
                                                                                 Attorney for Petitioner
                                                                                 Ernesto Rivas Lopez
                                                                                 Email: KDH@KurtDavidHermansen.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cv0457 LAB (AJB) |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| COSME MEDINA-VILLA, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

I, KURT DAVID HERMANSEN, am a citizen of the United States and am at least eighteen years of age. My business address is 110 West C Street, Suite 1810, San Diego, California 92101.

I have caused service of **PETITIONER'S REPLY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Kurt David Hermansen:   KDH@KurtDavidHermansen.com

Attorney General:   docketingsdawt@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _July 18, 2008_                    _s/Kurt David Hermansen_

                                                                Attorney for Defendant
                                                                Email: KDH@KurtDavidHermansen.com