1  LAW OFFICE OF KURT DAVID HERMANSEN
   Kurt David Hermansen, Cal. Bar No. 166349
2  110 West C Street, Suite 1810
   San Diego, California 92101-3909
3  Telephone:  (619) 236-8300
   Facsimile:   (619) 236-8400
4  KDH@KurtDavidHermansen.com
   Attorney for Petitioner
5  ERNESTO RIVAS LOPEZ

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

11 ERNESTO RIVAS LOPEZ,           )   08cv0457 LAB (AJB)
                                  )
12        Petitioner,              )
                                  )   **PETITIONER'S *FIRST AMENDED*
13 v.                              )   MEMORANDUM OF POINTS AND
                                  )   AUTHORITIES IN SUPPORT OF
14                                )   REPLY**
   MACK JENKINS, Chief Probation Officer, )
15 San Diego County Probation Department, )
                                  )
16        Respondent,              )
                                  )
17 and                             )
                                  )
18 EDMUND G. BROWN JR., Attorney    )
   General of the State of California, )
19                                )
           Additional Respondent.  )
20

22    Petitioner ERNESTO RIVAS LOPEZ, by and through his attorney Kurt David Herman-

23 sen, hereby submits this memorandum of points of authorities in support of his reply.

1  I.  **SCHRIRO V. LANDRIGAN, 127 S. CT. 1933 (2007) DID NOT OVERRULE OR MODIFY THE "COLORABLE CLAIM" STANDARD OR ANY OTHER NINTH CIRCUIT AUTHORITY REGARDING EVIDENTIARY HEARINGS.**

Respondent asserts that the Supreme Court's decision in *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933 (2007), overruled the Ninth Circuit's "colorable claim" standard and also "overrules Ninth Circuit authority regarding evidentiary hearings." (Resp.'s Ans. at 5-6; Resp.'s Mem. at 22-24.) These assertions are demonstrably incorrect. Respondent's analysis of *Landrigan* is not supported by the Supreme Court's opinion or by logic.

A.  ***Schriro v. Landrigan* Did Not Overrule Ninth Circuit Precedent.**

Even a casual reading of *Landrigan* shows the opinion did not overrule any Ninth Circuit standard or precedent. In a fact-driven case, the Supreme Court merely reversed the Ninth Circuit's determination that Landrigan, a habeas petitioner under 28 U.S.C. § 2254, was entitled to an evidentiary hearing. *Schriro v. Landrigan*, 127 S. Ct. at 1940-44. The Supreme Court agreed with the district court's determination that Landrigan, even with an evidentiary hearing, could not show he was prejudiced by his trial attorney's ineffective assistance. *See id.* at 1944 ("Even assuming the truth of all the facts Landrigan sought to prove at the evidentiary hearing, he still could not be granted federal habeas relief because . . . the mitigating evidence he seeks to introduce would not have changed the result.").

Although the Supreme Court reversed the Ninth Circuit decision below, it did not reverse any Ninth Circuit precedent. The opinion does not state or suggest that it is overruling any Ninth Circuit precedent.[1] The opinion does not state or suggest that it is rejecting any Ninth Circuit standard, including the "colorable claim" standard. To the contrary, the Supreme Court implicitly ***endorsed*** the "colorable claim" standard by holding that Landrigan did not make a colorable claim of ineffective assistance, and therefore his petition was properly denied. *See id.* at 1937, 1938. Moreover, the Ninth Circuit does not seem to agree with the contention that *Landrigan* — decided on May 14, 2007 — overruled the "colorable claim" standard. *See, e.g.*,

---

[1] Tellingly, respondent quotes no such language from the opinion, instead making only conclusory assertions. (*See* Resp.'s Mem. at 22-24.)

1 *Pinholster v. Ayers*, 525 F.3d 742 (9th Cir. May 2, 2008) (applying colorable claim standard); *Gonzalez v. Knowles*, 515 F.3d 1006 (9th Cir. Feb. 6, 2008) (same).

The *Landrigan* opinion merely holds that given the facts presented in the record, the Ninth Circuit's **application** of applicable legal standards was incorrect.

### B.   *Schriro v. Landrigan* Did Not Modify Ninth Circuit Precedent.

*Landrigan* did not modify Ninth Circuit precedent regarding evidentiary hearings or other habeas procedure. Again, the Supreme Court held that the Ninth Circuit incorrectly **applied** the applicable habeas standards to the operative facts of the case. *Schriro v. Landrigan*, 127 S. Ct. at 1944. Respondent reads far too much into *Landrigan*, asserting that "the petitioner's burden in establishing a 'colorable claim' is now much more difficult," and suggesting that under *Landrigan*, a federal court may not order an evidentiary hearing unless "a state court's decision was unreasonable under § 2254(d)." (Resp.'s Mem at 24.) This is incorrect.

In *Landrigan*, the Supreme Court simply recognized that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 127 S. Ct. at 1940. In recognizing this principle, the Court ***acknowledged that the principle was not new and was already followed by federal Courts of Appeals, including the Ninth Circuit.*** *Id.* ("The Ninth Circuit has recognized this point in other cases . . . . This approach is not unique to the Ninth Circuit.") (*citing, e.g., Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)).

After *Landrigan*, the standard for granting an evidentiary hearing remains the same: a petitioner is entitled to a hearing if (1) "the state factual determination is not fairly supported by the record as a whole," **or** (2) "the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing," **or** (3) "for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing." *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005), *cert. denied*, 547 U.S. 1159 (2006) (*quoting Townsend v. Sain*, 372 U.S. 293, 313 (1963)). Here, Mr. Lopez is **entitled** to a hearing because the state factual determination is not fairly supported by the record as a whole given the dueling declarations in this case, and because the state court refused to grant an evidentiary hearing.

"Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts. That basic rule has not changed." *Schriro v. Landrigan*, 127 S. Ct. at 1939 (citations omitted).[2/] Thus, even if an evidentiary hearing were not required here, the court still has the discretion to hold a hearing was one is certainly warranted given the record in this case.

### C. *Schriro v. Landrigan* is Inapplicable to Mr. Lopez's Petition Because the Record Does Not Refute His Allegations.

The pre-existing principle acknowledged in *Landrigan* — that an evidentiary hearing is not required "if the record refutes the applicant's factual allegations," *Schriro v. Landrigan*, 127 S.Ct. at 1940 — is inapplicable here because the record in no way refutes Mr. Lopez's factual allegations. An allegation is only "refuted" when it is **proven** to be wrong. *See* Black's Law Dictionary 1286 (7th ed. 1999) (to "refute" is "1. To prove (a statement) to be false. 2. To prove (a person) to be wrong."); Webster's Encyclopedic Unabridged Dictionary 1207 (1989) (to "refute" is "to prove to be false or erroneous"). Here, the record shows a factual ***dispute***, with sworn declarations from attorneys on both sides. The record does not prove that an "upward plea" offer would have been rejected because the record contains persuasive evidence to the contrary. (*See* Exhibits F, G.)

The instant case is nothing like *Landrigan* — an extreme case where the petitioner's factual allegations were proven false by ***his own admissions and actions contained in the trial record.*** Landrigan's petition alleged he was prejudiced by his trial attorney's failure to investigate mitigating evidence for the penalty phase of his trial. *Schriro v. Landrigan*, 127 S. Ct. at 1938. The district court held, and the Supreme Court agreed, that this allegation was refuted by the trial record, which showed that Landrigan himself stated in open court that he did not want mitigating evidence to be presented; that Landrigan himself instructed his attorney not to produce mitigating evidence; and that Landrigan himself actively prevented his attorney from presenting mitigating evidence. *Id.* at 1938; *id* at 1941 (Landrigan "instructed his attorney not

---

[2/] Notably, the Ninth Circuit has already rejected a similar interpretation of *Landrigan* offered by respondent. *See Smith v. Patrick*, 508 F.3d 1256, 1260 (9th Cir. 2007).

to present any evidence at the sentencing hearing"); *id.* at 1942-43 ("Landrigan informed his counsel not to present any mitigating evidence;" "Landrigan refused to allow the presentation of any mitigating evidence;" "Landrigan interrupted repeatedly when counsel tried to proffer anything that could have been considered mitigating"). The Supreme Court held that the trial record clearly showed "that Landrigan would have undermined the presentation of any mitigating evidence that his attorney might have uncovered," *id.* at 1941, and therefore "the mitigating evidence he seeks to introduce would not have changed the result," *id.* at 1944.

Mr. Lopez's situation is clearly distinguishable from the extreme scenario presented in *Landrigan*. The evidence contradicting Mr. Lopez's claim does not come from the trial record; it instead comes from after-the-fact declarations submitted by respondent, the adverse party in this habeas action. The evidence contradicting Mr. Lopez's claim does not come from the words or actions of Mr. Lopez; it instead comes from respondent, the adverse party in this habeas action. A district court faced with the extreme factual scenario in *Landrigan* — a habeas petitioner alleging facts clearly disproven by his own words and actions in the trial record — may refuse to grant an evidentiary hearing. *Schriro v. Landrigan*, 127 S. Ct. at 1940. But Mr. Lopez's situation is nothing like the extreme scenario in *Landrigan*. Here, the evidence challenging Mr. Lopez's allegation comes not from the trial court record, but from respondent. Moreover, Mr. Lopez's allegations are backed by the sworn declarations of a member of the California Bar and from numerous witnesses who show there was a defense to the charges that would have given Mr. Lopez a chance at avoiding an aggravated felony for immigration purposes. The trial record does not refute Mr. Lopez's allegations.[3/] The petition presents an active factual disputes, and Mr. Lopez is entitled to an evidentiary hearing them.

---

[3/] If after-the-fact declarations from counsel for the People of the State of California — i.e., counsel for respondent — could conclusively refute a habeas petitioner's allegations, then respondent could prevent any habeas petitioner from ever receiving an evidentiary hearing. AEDPA requires deference to state court decisions, but there is no evidence that Congress intended to give state prosecutors veto power over federal habeas actions. Moreover, the declarations of people who were in the apartment are not refuted by the prosecutor's declarations.

1  II.  **THE FACTUAL DETERMINATIONS OF THE STATE COURT ARE NOT EN-
2      TITLED TO A PRESUMPTION OF CORRECTNESS BECAUSE THE DETER-
3      MINATIONS WERE UNREASONABLE BASED ON THE EVIDENCE BEFORE
4      THE STATE COURT.**

Respondent asserts that the factual determinations of the state court are entitled to a presumption of correctness and may not be overturned absent clear and convincing evidence of their erroneousness. (Resp.'s Mem. at 11; see also 28 U.S.C. § 2254(e)(1).) This assertion is incorrect. The state court's factual determinations that (1) a counter-offer to an "upward plea" would not have been accepted, (2) there was no basis for a plea to transportation for sale, and (3) Mr. Lopez could not have put on a meritorious defense, are ***not*** entitled to a presumption of correctness because they are "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

   **A.  A State Court's Factual Determination Is <u>Not</u> Entitled to a Presumption of
        Correctness If It Is "an Unreasonable Determination of the Facts In Light of
        the Evidence Presented in the State Court Proceeding."  28 U.S.C.
        § 2254(d)(2).**

The presumption of correctness in § 2254(e)(1) is not operable if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2). *Taylor v. Maddox*, 366 F.3d 992, 999-1000 (9th Cir. 2004), *cert. denied*, 543 U.S. 1038 (2004). "[T]he presumption of correctness and the clear-and-convincing standard of proof ***only*** come into play once the state court's fact-findings survive any intrinsic challenge; ***they do not apply*** to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." *Id.* at 1000 (emphasis added). *See also Lambert v. Blackwell*, 387 F.3d 210, 235 (3d Cir. 2004) (same); *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) ("we must initially decide whether the state court made an unreasonable determination of the facts in light of the evidence before it."). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds ***unless objectively unreasonable in light of the***

*evidence presented* in the state-court proceeding, § 2254(d)(2) . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (emphasis added).

In *Miller-El v. Cockrell*, the Supreme Court held that the Fifth Circuit was wrong to apply the clear-and-convincing standard in § 2254(e)(1) to the petitioner's challenge under § 2254(d)(2). *Id.* at 341-42 ("It was incorrect for the Court of Appeals, when looking at the merits, to merge the independent requirements of §§ 2254(d)(2) and (e)(1). AEDPA does not require petitioner to prove that a decision is objectively unreasonable by clear and convincing evidence."). In *Taylor v. Maddox*, Judge Kozinski provided a detailed explanation of the interaction between § 2254(d)(2) and § 2254(e)(1):

> The first provision — the "unreasonable determination" clause — applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, that the process employed by the state court is defective, or that no finding was made by the state court at all. . . . . [W]e must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.
>
> Once the state court's fact-finding process survives this intrinsic review — or in those cases where petitioner does not raise an intrinsic challenge to the facts as found by the state court — the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, i.e., evidence presented for the first time in federal court. . . . Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the "unreasonable determination" standard of section 2254(d)(2).

366 F.3d at 999-1000 (internal citations omitted). *Talyor v. Maddox* and *Miller-El v. Cockrell* clearly disprove respondent's assertion that all factual findings by the state court are entitled to a presumption of correctness.

**B.    Here, the State Court's Decision Was Based on Factual Determinations which Were Unreasonable In Light of the Evidence Presented (i.e., Dueling Declarations) in the State Court Proceeding.**

In Mr. Lopez's case, the state court decision was based on factual determinations which were unreasonable in light of the evidence presented in the state proceeding, § 2254(d)(2), and

1   thus are not entitled to a presumption of correctness under § 2254(e)(1). The state court's
2   decision that Mr. Lopez was not prejudiced by trial counsel's failure to offer an "upward plea"
3   was based on the unreasonable factual determination that the upward plea would not have been
4   accepted. (*See* Exhibit O; Petr.'s Amend. Mem. at 8-12.) The state court, presented with
5   dueling declarations about whether a counter-offer would have been accepted, disregarded the
6   facts alleged by Mr. Lopez and the evidence supporting those facts. (*See* Petr.'s Amend. Mem.
7   at 8-12.) This was unreasonable. In addition, the state court's decision that Mr. Lopez was not
8   prejudiced by trial counsel's failure to investigate was based on the unreasonable factual deter-
9   mination that Mr. Lopez could not present evidence supporting a valid defense to the charges
10  against him. (*See* Petr.'s Amend. Mem. at 17-18.) The state court, presented with several
11  declarations supporting Mr. Lopez's allegations, disregarded those facts.

12          In a telling omission, respondent fails to address one of Mr. Lopez's most persuasive
13  points: that the state court, faced with a prima facie case for relief and contested issues of fact,
14  ***was required by California law to order an evidentiary hearing***, yet did not do so. *See*, *e.g.*,
15  *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995) ("If . . . the court finds the factual allegations,
16  taken as true, establish a prima facie case for relief, the court will issue an OSC."); *In re Clark*,
17  855 P.2d 729, 750 n.16 (Cal. 1993) (same); *Durdines v. Superior Court*, 90 Cal. Rptr. 2d 217,
18  221 (Cal. App. 1999) ("If a petition appears to have merit — that if, if it states a prima facie
19  claim for relief — the superior court must issue either the writ or an order to show cause."). (*See*
20  *also* Petr.'s Amend. Mem. at 8.) Because resolution of the dueling declarations turned on
21  credibility determinations, the court was required to hold an evidentiary hearing. *In re Scott*, 61
22  P.3d 402, 425 (Cal. 2003) ("the reason we require habeas corpus petitioners to prove their
23  disputed allegations at an evidentiary hearing, rather than merely decide the merits of the case
24  on declarations, is to obtain credibility determinations.").

25          Mr. Lopez's petition alleged facts that entitled him to relief. (Lodgment 15.) His petition
26  was supported by evidence: sworn declarations from his trial attorney, himself, and several
27  friends. (Lodgment 15.) Therefore, the state court was required to hold an evidentiary hearing.
28  But instead, the court determined that the facts alleged and evidence presented by Mr. Lopez

1 were of zero worth, and the court adopted the facts alleged and evidence presented by
2 respondent.

3       Because the state court's decision was based on unreasonable factual determinations, the
4 factual determinations are entitled to no deference whatsoever. *Taylor v. Maddox*, 366 F.3d at
5 1001 ("the state-court fact-finding process is undermined where the state court has before it, yet
6 apparently ignores, evidence that supports petitioner's claim."); *Nunes v. Mueller*, 350 F.3d 1045
7 (9th Cir. 2003) (unreasonable for state court to hold that petitioner's contentions, which stated
8 prima facie case of ineffective assistance, were meritless).

9 **III. RESPONDENT'S ATTEMPTS TO DISCREDIT THE EVIDENCE SUBMITTED**
10      **BY MR. LOPEZ ARE UNAVAILING BECAUSE MR. LOPEZ HAS ALLEGED**
11      **FACTS WHICH, IF TRUE, ENTITLE HIM TO RELIEF.**

12     **A.**     **Beyond the Declarations Submitted by Witnesses Who Had Been in the**
13         **Apartment, the Declarations of Neil Besse Constituted Valid Evidence Sup-**
14         **porting the Facts Alleged by Mr. Lopez.**

15       Respondent attempts to justify the state court's unreasonable factual determinations by
16 attacking the evidence submitted by Mr. Lopez in support of his petitions. This attempt is un-
17 availing. For example, respondent asserts that the state court acted reasonably in rejecting
18 Mr. Lopez's claims because Mr. Lopez did not submit credible evidence in support of his claims.
19 (Resp.'s Mem. at 12-15.) Specifically, respondent asserts that the declarations of Neil Besse are
20 "clearly speculative," not worthy of belief, and therefore "no evidence" whatsoever. (Resp.'s
21 Mem. at 12, 15, 17.) In contrast, respondent asserts that the declarations of Deputies Lewis and
22 Walden are "fact" and evidence which "quite clearly established" the allegations contained
23 within them.[4] (Resp.'s Mem. at 12, 17.) It seems that in respondent's view, sworn declarations
24 from prosecutors constitute conclusive evidence, but sworn declarations from defense attorneys
25 constitute unsupported speculation.

---

28     [4] Respondent goes so far as to assert that Neil Besse's belief that a counter-offer would have been accepted by the District Attorney's Office is "inadmissible." (Resp.'s Mem. at 12.) Respondent offers no legal authority to support this assertion.

1    Respondent is mistaken. First, credibility determinations are NOT to be made without
2 live testimony. Dueling declarations create a factual dispute here that requires an evidentiary
3 hearing. Second, Mr. Lopez submitted declarations asserting Neil Besse's sworn belief — based
4 on his extensive experience negotiating cases with the District Attorney's Office, many with
5 Deputy Lewis — that an "upward plea" offer would have accepted. (Exhibits F, G.) These
6 sworn declarations, from a member in good standing of the California Bar, constituted evid-
7 entiary support for Mr. Lopez's claims.

8    If declarations stating an attorney's belief carry no evidentiary weight, then the
9 declarations of Deputies Lewis and Walden also carry no evidentiary weight, and the state
10 court's acceptance of them was unreasonable. The declarations of Lewis and Walden merely
11 stated their ***belief*** that a counter-offer, if made ***would have*** been rejected. If an attorney's belief
12 about what might have happened is inadmissible and therefore not a fact presented to the state
13 court, then the declarations presented by respondent are inadmissible because based on belief.
14 The declarations of Deputies Lewis and Walden stated that they would have rejected a counter-
15 offer. This "belief" is "not supported by any evidence" (*See* Resp.'s Mem. at 12.)

16    It should be noted that the declarations submitted by respondent are perhaps ***less*** reliable
17 than the declarations submitted by Mr. Lopez, because the declaration of Deputy Walden
18 contradicts itself. On the one hand, Walden declares that "a defendant's immigration status ***is***
19 ***irrelevant*** to any disposition offer that might be made by myself of any of the Deputy District
20 Attorneys I supervise . . . . Immigration status is simply ***not a relevant factor*** in the considera-
21 tion of plea offers." (Exhibit M at 2, emphasis added.) On the other hand, Walden and Lewis
22 both declare that their policy is to categorically reject plea offers when those offers are based on
23 immigration status: "[W]e do not . . . make special offers in order to allow defendants to avoid
24 immigration consequences of a felony conviction"; "I would not authorize a special plea
25 designed to allow Lopez to avoid the legal consequences of his crimes . . . ." (Exhibit M at 2.)
26 "We do not make special pleas to allow non-citizen defendants to avoid deportation . . . ."
27 (Exhibit L at 2.) It is difficult to imagine how Walden and his subordinates could follow a policy
28 to (1) always reject offers based on immigration status, and yet (2) never take immigration status

1 into account. If the District Attorney's Office never took immigration status into account, then
2 it could not follow a policy to reject pleas on the basis of immigration status. Conversely, if the
3 District Attorney's Office followed a policy of rejecting pleas designed to avoid immigration
4 consequences, then it would have to take immigration status into account.

5 The declarations submitted by respondent, and unreasonably accepted by the state court,
6 are clearly a *post facto* attempt to cut off Mr. Lopez's meritorious claims.

   **B.**  **Mr. Lopez's State Petitions Stated a Prima Facie Claim for Relief, and the State Court Unreasonably Denied Him the Opportunity to Develop the Factual Basis for His Claim.**

10   Mr. Lopez's state petitions alleged prima facie claims of ineffective assistance of counsel.
11 (*See* Lodgements 10, 15, 17.) Respondent now claims that Mr. Lopez did not allege every
12 possible fact in the logical chain. However, a habeas petitioner is not required to allege every
13 conceivable step in the logical process. Mr. Lopez's petitions alleged facts which, if true,
14 entitled him to relief. The state court should have evaluated Mr. Lopez's habeas petition for
15 whether — assuming the facts alleged therein are true — it establishes a prima facie claim to
16 relief. (*E.g., People v. Duvall*, 9 Cal.4th 464, 474-475 (1995) (court's inquiry is "whether,
17 assuming the petition's factual allegations are true, the petitioner would be entitled to relief");
18 *In re Clark*, 5 Cal.4th 750, 781, n. 16 (1993) ("The court determines on the basis of the
19 allegations of the original petition . . . as well as the supporting documentary evidence and/or
20 affidavits, which should be attached if available, whether a prima facie case entitling the
21 petitioner to relief if the allegations are proven has been stated".) "If . . . the court finds the
22 factual allegations, taken as true, establish a prima facie case for relief, the court will issue an
23 OSC." (*People v. Duvall*, 9 Cal.4th at p. 475.)

24   Remarkably, Respondent complains that Mr. Lopez has not presented enough evidence
25 to support his claim, but conveniently ignores the fact that the state court denied Mr. Lopez the
26 opportunity to ***develop*** the factual basis for his claim. The Ninth Circuit has specifically
27 recognized that *a state cannot argue in state court that a petitioner is not entitled to a hearing,*
28 *then argue in federal court that the petitioner has not presented evidence sufficient to support*

*his claim.* *Correll v. Stewart*, 137 F.3d 1404, 1414 (9th Cir. 1998) ("the state cannot now insist the obstacle it placed in Correll's path when he sought a state-court hearing and the means to present evidence at that hearing should again prevent Correll from securing a federal evidentiary hearing."). Because Mr. Lopez requested and was denied a hearing in state court proceedings, he cannot be faulted for "fail[ing] to develop the factual basis of [his] claim in State court." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir.2005) (citing 28 U.S.C. § 2254(e)(2)).

Mr. Lopez alleged facts sufficient to warrant an evidentiary hearing. Because the state court erroneously denied an evidentiary hearing, Mr. Lopez cannot now be faulted for "failing" to develop facts sufficiently or to present evidence he tried to develop, but was prohibited from developing, in state court.

### C. Mr. Lopez's Federal Petition Alleges Facts Entitling Him to Relief, and He Is Entitled to an Evidentiary Hearing.

Mr. Lopez's federal petition alleges facts which, if true, entitle him to relief. Respondent has alleged contradictory facts. But respondent's factual allegations do not change the fact that Mr. Lopez has alleged a prima facie claim of prejudicial ineffective assistance, and therefore an evidentiary hearing is required *to determine if the facts he has alleged are true*. *See, e.g., Alberni v. McDaniel*, 458 F.3d 860, 873 (9th Cir. 2006) (reversing and remanding for evidentiary hearing because petitioner had alleged prima facie case of ineffective assistance of counsel); *Correll v. Stewart*, 137 F.3d at 1412 (remanding for evidentiary hearing because "Correll's allegations, if taken as true, constitute a colorable claim of ineffective assistance of counsel."). Respondent's contradictory allegations merely create contested issues of fact which require an evidentiary hearing to resolve — an evidentiary hearing never afforded Mr. Lopez by the state court.

As the Ninth Circuit recently noted in a similar situation:

> An evidentiary hearing is needed to resolve these factual issues. AEDPA allows for an evidentiary hearing when a petitioner (1) alleges facts, which, if proven, would entitle him to relief; and (2) shows that he did not receive a full and fair hearing in the state court.

*Houston v. Schomig*, No. 06-15523, ___ F.3d ___, [2008 WL 2797027] 2008 U.S. App. LEXIS 16251, at *13 (9th Cir. July 22, 2008) (citing § 2254(e)(2)). In *Houston*, the petitioner alleged he was denied his Sixth Amendment right to conflict-free counsel because his trial counsel (named Jorgenson) had previously represented the prosecution's star witness against him. *Id.* at *1-2. The district court denied relief "because Houston failed to present evidence demonstrating that a conflict adversely affected counsel's performance." *Id.* at *8. The Ninth Circuit reversed and remanded for an evidentiary hearing because "the record is insufficient for us to determine whether an actual conflict of interest existed . . . ." *Id.* at *10-11. The record was insufficient because Houston had never been afforded an evidentiary hearing on his claim:

> Houston has alleged facts suggesting the existence of a conflict of interest and the prejudicial effect of Jorgenson's adverse performance, which, if proven, would entitle him to relief under *Strickland*. The trial court failed to fully investigate Jorgenson's perceived conflict and no state court has held a full and fair hearing on this serious conflict allegation. As a result, the Nevada Supreme Court's conclusion that no actual conflict existed is ***based on an incomplete record, devoid of sworn testimony*** explaining Jorgenson's tactical reasons, if any, for not attempting to vigorously impeach [star witness] Chadwick with his parole status or failed polygraph exam. Similarly, ***the district court prematurely determined that Jorgenson's performance was not adversely affected by a conflict, without hearing from Jorgenson on the matter.***

*Id.* at *13-14 (emphasis added).

This court must not prematurely rule on Mr. Lopez's claim without hearing from the various parties in this matter. A district court may order an evidentiary hearing "to assist the court in making an accurate determination." *Butler v. Curry*, 528 F.3d 624, 651 (9th Cir. 2008). Given the factual disputes here, this court cannot make an accurate determination of the facts without an evidentiary hearing.

**IV. TABLE OF FACTUAL ALLEGATIONS**

Mr. Lopez provides the following table to assist the court's review of his petition, and to identify some of the factual allegations that need to be resolved at an evidentiary hearing.

| TABLE 1: DISPUTED AND UNDISPUTED FACTUAL ALLEGATIONS[5] | |
|---|---|
| **MR. LOPEZ'S ALLEGATIONS** | **RESPONDENT'S ALLEGATIONS** |
| 1. Trial counsel did not investigate, pursue, or advise Mr. Lopez about possible plea dispositions that did not involve aggravated felonies. (Pet. at 4; Ex. F.) | Not disputed. |
| 2. Trial counsel did not investigate and pursue a trial strategy designed to defend against the possession-for-sale counts, because counsel mistakenly believed that Mr. Lopez could be deported for any of the charges against him. (Pet. at 5; Ex. F.) | Trial counsel made a "tactical decision" to not present evidence at trial. (Resp.'s Mem. at 21-22.) |
| 3. If trial counsel had investigated the charges against Mr. Lopez, it is reasonably probable that Mr. Lopez would have been acquitted of the possession-for-sale counts at trial — i.e., the aggravated felony counts — because the investigation would have readily discovered evidence supporting a meritorious defense to those counts. (Pet. at 5; Exs. E, H, I, K.) | The evidence uncovered by an investigation would not have established a meritorious defense to the possession-for-sale counts, because the testimony of Mr. Lopez's friends was worthless as evidence. (Resp.'s Mem. at 20-22.) |
| 4. There is a reasonable probability that trial counsel could have negotiated, and the District Attorney's Office would have accepted, a plea disposition that did not involve aggravated felonies. (Pet. at 5; Ex. G.) | The District Attorney's Office would never have accepted an "upward plea." (Resp.'s Mem. at 12, 13.) |
| 5. Mr. Lopez would have accepted a plea disposition that did not involve aggravated felonies, even if it meant more time in custody. (Pet. at 5; Ex. E.) | Not disputed. |
| 6. A factual basis existed for a plea to non-aggravated felonies. (Pet. at 5; Exs. E, G.) | The record shows no factual basis for a plea to non-aggravated felonies, such as transportation of drugs (California Health and Safety Code § 11360). (Resp.'s Mem. at 15-16.) |

---

[5] Note: this table does not include all of the factual allegations in Mr. Lopez's petition, nor all of the factual allegations Mr. Lopez presented to the state court. The table merely highlights some of the critical allegations and the allegations disputed by respondent.

1   Mr. Lopez was not afforded the opportunity to develop his factual allegations in the state
2 court, and he is entitled to an evidentiary hearing in federal court. *Houston v. Schomig*, ___,
3 F.3d ___, 2008 U.S. App. LEXIS 16251 at *13; *Alberni v. McDaniel*, 458 F.3d at 873.

4 **V.    CONCLUSION**

5   Mr. Lopez was denied his constitutional right to the effective assistance of counsel, and
6 the state court was objectively unreasonable in holding otherwise. Mr. Lopez has alleged facts
7 which entitle him to relief, but was not afforded the opportunity to develop those facts.
8 Respondent has attempted in vain to show that Mr. Lopez is not entitled to an evidentiary
9 hearing, but Mr. Lopez has clearly met the requirements for a hearing. Mr. Lopez prays that this
10 court order an evidentiary hearing to resolve any contested factual issues, and that this Court
11 grant the writ.

12 Executed on: *August 6, 2008*                    *s/Kurt David Hermansen*
13                                                  Attorney for Petitioner
                                                    Ernesto Rivas Lopez
14                                         Email:  KDH@KurtDavidHermansen.com

Case 3:08-cv-00457-LAB-AJB   Document 12   Filed 08/06/2008   Page 16 of 16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RIVAS LOPEZ, | Case No. 08cv0457 LAB (AJB) |
| Petitioner, | |
| v. | CERTIFICATE OF SERVICE |
| MACK JENKINS, Chief Probation Officer, San Diego County Probation Department, | |
| Respondent | |

IT IS HEREBY CERTIFIED THAT:

I, KURT DAVID HERMANSEN, am a citizen of the United States and am at least eighteen years of age. My business address is 110 West C Street, Suite 1810, San Diego, California 92101.

I have caused service of **PETITIONER'S *FIRST AMENDED* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Attorney General**
   docketingsdawt@doj.ca.gov

**Anthony DaSilva**
   Anthony.DaSilva@doj.ca.gov, DocketingSDAWT@doj.ca.gov, Susie.Denno@doj.ca.gov, Susan.Volsky@doj.ca.gov, Annette.Aguilar@doj.ca.gov

**Kurt David Hermansen**
   KDH@KurtDavidHermansen.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: *August 6, 2008*            s/*Kurt David Hermansen*
                                         Attorney for Defendant
                                         Email: KDH@KurtDavidHermansen.com