# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RIVAS LOPEZ,<br><br>              Plaintiff,<br>vs.<br><br>MACK JENKINS, Chief Probation Officer, et al.,<br><br>              Defendants. | CASE NO. 08cv0457-LAB (AJB)<br><br>**ORDER GRANTING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

Lopez filed a state habeas petition pursuant to 28 U.S.C. § 2254 on March 12, 2008. Magistrate Judge Battaglia issued a Report and Recommendation ("R&R") on October 15, 2008, recommending that the petition be denied. The Court adopted the R&R on November 14, 2008. Now pending is Lopez's Application for Certificate of Appealability ("COA"), which a district or circuit judge must grant before he can appeal the denial of his habeas petition to the Ninth Circuit. 28 U.S.C. § 2253(c)(1)(A).

**A.  Legal Standard**

A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A petitioner doesn't have to show that he should prevail on the merits. "He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). At the same time, the Court shouldn't issue a COA as a matter of course. A petitioner "must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 337–38 (citing *Barefoot*, 463 U.S. at 893).

**B.  Discussion**

Lopez was convicted of: possessing cocaine, methamphetamine, and marijuana for sale; possessing ketamine; possessing paraphernalia used for narcotics; and unauthorized possession of a hypodermic needle or syringe. He was sentenced to 365 days in jail as a condition of five years of probation.

His habeas petition consists of two ineffective assistance of counsel claims. The first is that his lawyer failed to pursue an "upward plea" to a greater but non-aggravated offense in order to avoid the adverse immigration consequences of his criminal convictions, which were aggravated felonies under federal immigration law. The second is that his lawyer failed to locate witnesses (friends of his) who would have testified the drugs Lopez was convicted of possessing did not belong to him, and that he is not a drug dealer. Lopez argued that the California Court of Appeals' rejection of each of these claims was contrary to clearly established federal law *and* based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)–(2).

The Court rejected the first claim, like the California Court of Appeal, because Lopez's prosecutors testified unequivocally that an upward plea would not have been accepted in his case in order to preserve his immigration status. The Court rejected the second claim because it found the testimony of Lopez's friends to lack any specific, exculpatory information. None said the drugs found in Lopez's home belonged to them, or to someone other than Lopez. They merely said, as a general matter, they had no *knowledge* of Lopez ever selling drugs and that it was common for other people to leave drugs in Lopez's home.

//

1       Although the Court sees no *Strickland* violation in the conduct of Lopez's trial counsel, reasonable jurists may see it differently. Despite the sworn testimony of Lopez's prosecutors that they would not have offered a different plea bargain, some judge could conceivably credit the testimony of Lopez's trial counsel that he could have negotiated an upward plea on his client's behalf. Similarly, even if the decision below was not contrary to clearly established federal law *or* an objectively unreasonable interpretation of the facts, some judge may be inclined to grant Lopez's request (which the Court denied) for an evidentiary hearing before reaching the same conclusions as the Court. Lopez's Application is therefore **GRANTED**.

      **IT IS SO ORDERED**.

DATED: April 26, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge